# Exhibit 3



**BARRY GETCHEY, Appellant v. COUNTY OF NORTHUMBERLAND**

**No. 04-1693**

**UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT**

*120 Fed. Appx. 895*; *2005 U.S. App. LEXIS 190*

**December 17, 2004, Submitted Under Third Circuit LAR 34.1(a)
January 6, 2005, Filed**

**NOTICE:**    **[\*\*1]** RULES OF THE THIRD CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

**PRIOR HISTORY:**    On Appeal from the United States District Court for the Middle District of Pennsylvania. (D.C. Civil No. 03-CV-0826). District Judge: The Honorable James F. McClure.

**DISPOSITION:**    Affirmed.

**COUNSEL:** For BARRY GETCHEY, Appellant: Steven Kachmar, Pottsville, PA.

For COUNTY OF NORTHUMBERLAND, Appellee: Robert G. Hanna, Jr., James D. Young, Lavery, Faherty, Young & Patterson, Harrisburg, PA.

**JUDGES:** Before: NYGAARD and GARTH, Circuit Judges. and POLLAK, * District Judge.

> *    Honorable Louis H. Pollak, Senior District Judge for the United States District Court of the Eastern District of Pennsylvania, sitting by designation .

**OPINION BY:** POLLAK

**OPINION**

**[\*896]** OPINION OF THE COURT

POLLAK, District Judge.

In this case, we are asked to review dismissal of a complaint filed by Barry Getchey against the County of Northumberland. Judge James F. McClure of the United States District Court for the Middle District of Pennsylvania dismissed Getchey's complaint pursuant to *Federal Rule of Civil Procedure 12(b)(6)* **[\*\*2]** on the ground that the statute of limitations had run on the injuries alleged therein. This court exercises plenary review over a district court's grant of a motion to dismiss, see, e.g., *City of Pittsburgh v. West Penn Power Company, 147 F.3d 256, 262 n.12 (3d Cir. 1998)*. For purposes of such review, all allegations contained in the complaint are accepted as true, see, e.g., *Morganroth & Morganroth v. Norris, McLaughlin, & Marcus, P.C., 331 F.3d 406, 408 (3d Cir.* **[\*897]** *2003)*. For the reasons expressed below, we affirm the ruling of the District Court.

II.

Getchey maintains that, on January 20, 1956, when he was twelve years old, he was convicted of truancy from school by Alderman B. Lee Morgan of the Court of Common Pleas of Northumberland County, Pennsylvania. Getchey was sentenced for a period of ten days, beginning on January 20, 1956, to the Northumberland County Prison, an adult correctional facility. At that time, the Northumberland County Prison

120 Fed. Appx. 895, *897; 2005 U.S. App. LEXIS 190, **2

did not have facilities for juveniles. Getchey was thus placed among the adult inmates.

During his incarceration, Getchey, so he alleges, was sexually assaulted by two other inmates on at least [**3] five separate occasions. These inmates allegedly told Getchey that, if he reported the incidents, he would be harmed and "sent to the 'dungeon'" (Complaint P 20). Despite these threats, Getchey reported the attacks to Paul Dungar, warden of the prison at the time. Warden Dungar allegedly told Getchey to say nothing in order to avoid taunting from other children and embarrassment to his mother (Id. at P 21). Without further recourse, Getchey repressed memories of the assaults, apparently until very recently (Appellant's Br. at 7).

Upon emergence of these memories, Getchey filed a complaint against the County of Northumberland, alleging three counts - negligence for failing to prevent adult inmates from assaulting plaintiff (Count I); vicarious liability for the actions undertaken by the County's agents, servants, and employees, including Alderman Morgan and Warden Dungar, who allegedly acted within the scope of their employment and directly and proximately caused plaintiff's injuries (Count II); and punitive damages for the county's allegedly malicious, deliberate, intentional, willful and wanton conduct toward plaintiff (Count III). The District Court construed Getchey's complaint [**4] as being brought under *42 U.S.C. §§ 1983* and *1985(3)*.

The County moved to dismiss Getchey's complaint for failure to state a claim upon which relief can be granted pursuant to *Federal Rule of Civil Procedure 12(b)(6)*. Specifically, the County argued that Getchey's claims were time-barred. The District Court agreed, finding that the statute of limitations for *§ 1983* and *§ 1985(3)* claims, which it appropriately borrowed from Pennsylvania state law, is two years, and so had long since expired. Judge McClure further found that Getchey's repression of the memories of the assault did not provide grounds to toll the statute of limitations. Judge McClure approvingly cited *Dalrymple v. Brown, 549 Pa. 217, 701 A.2d 164 (Pa. 1997)*, a Pennsylvania Supreme Court case holding that repressed memory syndrome does not constitute an appropriate ground upon which to toll the statute of limitations. In response to Getchey's argument that equity mandated tolling due to the County's fraudulent concealment, Judge McClure found that no concealment had occurred. While Getchey

may have been dissuaded from reporting his assaults, [**5] Judge McClure observed, Warden Dungar did not deny their occurrence - a prerequisite for fraudulent concealment, see *Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir. 1994)*. Judge McClure concluded that dismissal of the complaint was warranted. This timely appeal followed.

III.

Because neither *42 U.S.C. § 1983* nor *§ 1985(3)* contains a statute of limitations, "federal courts must look to the [*898] statute of limitations governing analogous state causes of action," *Urrutia v. Harrisburg County Police Department, 91 F.3d 451, 457 n. 9 (3d Cir. 1996)*; see also *Sameric Corp. of Delaware v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998)*.

In determining which state limitations period to use in federal civil rights cases, we look to the general, residual statute of limitations for personal injury actions. See *Wilson v. Garcia, 471 U.S. 261, 276-80, 85 L. Ed. 2d 254, 105 S. Ct. 1938 (1985)*. We must also incorporate any relevant state tolling rules. See *Hardin v. Straub, 490 U.S. 536, 543-44, 104 L. Ed. 2d 582, 109 S. Ct. 1998 (1989)*. Thus, for *§ 1983* [**6] and *§ 1985* actions originating in Pennsylvania, we look to *42 Pa. C.S. §§ 5524*.

*Lake v. Arnold, 232 F.3d 360, 368 (3d Cir. 2000)* (applying the Pennsylvania two-year statute of limitations to a claim alleging violation of plaintiff's federal civil rights as a result of her forced sterilization, performed pursuant to a policy of sterilizing the mentally retarded). *Section 5524* provides a two-year statute of limitations to personal injury claims like Getchey's. [1]

1    Appellant and appellee cite *42 Pa. C.S.A. § 5533* in addition to *§ 5524. Section 5533* provides that, "if an individual entitled to bring a civil action arising from childhood sexual abuse is under 18 years of age at the time the cause of action accrues, the individual shall have a period of 12 years after attaining 18 years of age in which to commence an action for damages...." This section is inapplicable for two reasons. First, as appellees note, this tolling provision did not

become effective until 1984; it "cannot revive a cause of action which accrued and expired [twenty-eight years] prior its effective date," when Getchey's injuries occurred. *Dalrymple v. Brown, 549 Pa. 217, 701 A.2d 164, 166 n.3 (Pa. 1997).* Second, even if the minority provision were in effect at the time of Getchey's assaults, it would still fail to excuse his delay since his thirtieth birthday - the deadline that *section 5533* stipulates - has long since passed.

**[**7]** Notwithstanding the more than four decades lapse of time since Getchey's injuries, he argues that the statute of limitations should be tolled under either Pennsylvania's discovery rule or the federal doctrine of equitable tolling.

### a. *The Discovery Rule*

"The discovery rule provides that where the existence of the injury is not known to the complaining party and such knowledge cannot reasonably be ascertained within the prescribed statutory period, the limitations period does not begin to run until the discovery of the injury is reasonably possible." *Murphy v. Diogenes Saavedra, M.D., P.C., 560 Pa. 423, 746 A.2d 92, 94 (Pa. 2000).* Whether the discovery rule applies in cases of repressed memory is a question of state law. See *Federal Home Loan Mortgage v. Scottsdale Insurance Co., 316 F.3d 431, 443 (3d Cir. 2003)* ("[Federal courts] are not free to impose [their] own view of what state law should be; [they] are to apply state law as interpreted by the state's highest court."); *National Surety Corp. v. Midland Bank, 551 F.2d 21 (3d Cir. 1977)* ("State law as announced by the highest court of the State is to be followed. This **[**8]** is not a diversity case but the same principle may be applied for the same reasons, *viz.*, the underlying substantive rule involved is based on state law and the State's highest court is the best authority on its own law.").

In *Dalrymple v. Brown, 549 Pa. 217, 701 A.2d 164, 166 n.3 (Pa. 1997),* the Pennsylvania Supreme Court considered whether the discovery rule ought to toll the statute of limitations where repressed memory syndrome prevented the victim of sexual abuse from discovering her injuries until some thirty years after they had occurred. **[*899]** The court declined to extend the discovery rule to cases of repressed memory, stating that "the very essence of the discovery rule in Pennsylvania is that it applies only to those situations where the nature of

the injury itself is such that no amount of vigilance will enable the plaintiff to detect an injury," and finding that battery is not such an injury since "in a typical battery, all the elements of the offensive touching will be present and ascertainable by the plaintiff at the time of the touching itself." *Id. at 170.* The court defended its decision on policy grounds, arguing that a reasonable person approach **[**9]** to the discovery rule "allows for equity in protecting those parties who could not, through the exercise of reasonable diligence, know they were injured and simultaneously protects the tortfeasor from being faced with stale claims that, due to the passage of time and the fading of memory, may be indefensible." *Id. at 170*

The *Dalrymple* decision is dispositive here. [2] See *Federal Home Loan Mortgage, 316 F.3d at 443.* While Getchey may have repressed memories of the assaults, the Dalrymple reasoning precludes us from using the repression as an excuse since it is not the case that "no amount of vigilance" would have enabled Getchey to uncover the injuries. *701 A.2d at 170.* After all, Getchey was surely aware of these as they were occurring. See id. Indeed, we know that this awareness must have persisted at least in the short term, for Getchey obviously possessed knowledge of the attacks at the time that he reported them to Warden Dungar. Since what matters in Pennsylvania for the purpose of applying the discovery rule is whether a reasonable person could have discovered the injury within the statute of limitations, and not whether the plaintiff **[**10]** in fact did so, and since Getchey could have, and indeed did, discover his injuries within that time, the discovery rule ought not to apply to him.

> [2]  As such, the precedents Getchey cites from jurisdictions where the discovery rule has been extended to cases of repressed memory are irrelevant; Getchey's invitation to this court to join these other jurisdictions is thus one that we are not in a position to accept.

### b. *Equitable Tolling*

Equitable tolling is appropriate in three situations:

> (1) where a defendant actively misleads a plaintiff with respect to her cause of action; (2) where the plaintiff has been prevented from asserting her claim as a result of other extraordinary

120 Fed. Appx. 895, *899; 2005 U.S. App. LEXIS 190, **10

circumstances; or (3) where the plaintiff asserts her claims in a timely manner but has done so in the wrong forum.

*Lake, 232 F.3d at 370 n.9.* Getchey argues that his case is like the first situation in which equity mandates tolling the statute of limitations.

More specifically, Getchey argues that **[**11]** Warden Dungar misled Getchey by telling him that he would humiliate himself and his mother were he to report the attacks to anyone else. Yet, however unresponsive Warden Dungar may have been, he did not mislead Getchey with respect to the availability of a cause of action because Warden Dungar never denied that the injuries occurred. Since the first situation under which equitable tolling is appropriate requires the plaintiff to have been misled about the availability of a cause of action, the first situation does not extend to Warden Dungar's conduct. Thus, Getchey's argument that equitable tolling is appropriate here is not persuasive.

IV.

Neither the discovery rule nor the federal doctrine of equitable tolling provides grounds for tolling the statute of limitations **[*900]** in this case. As such, Getchey's case is time-barred and the decision of the District Court is AFFIRMED. [3]

> 3   Because we reach this decision on statute of limitations ground, we need not consider appellee's argument that Getchey has failed to state a cognizable federal civil rights claim.

**[**12]**