# Exhibit 4



**DARRYL L. WRIGHT, Plaintiff-Appellant, v. LARRY E. OLIVER, Lieutenant; EDDIE FRAZIER, Detective, Defendants-Appellees.**

No. 95-6546

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

*1996 U.S. App. LEXIS 20449*

**July 9, 1996, Submitted**
**August 15, 1996, Decided**

**NOTICE:** **[*1]** RULES OF THE FOURTH CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

**SUBSEQUENT HISTORY:** Reported in Table Case Format at: *99 F.3d 1133, 1996 U.S. App. LEXIS 39780.*

**PRIOR HISTORY:** Appeal from the United States District Court for the District of South Carolina, at Charleston. William B. Traxler, Jr., District Judge. (CA-94-1633-2-21AK).

**DISPOSITION:** AFFIRMED IN PART, VACATED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS

**COUNSEL:** Darryl L. Wright, Appellant Pro Se.

James Albert Stuckey, Jr., STUCKEY & KOBROVSKY, Charleston, South Carolina, for Appellee.

**JUDGES:** Before MURNAGHAN, HAMILTON, and WILLIAMS, Circuit Judges.

**OPINION**

OPINION

PER CURIAM:

Darryl L. Wright, a South Carolina prisoner, brought this action pursuant to *42 U.S.C. § 1983 (1988)* seeking monetary damages for alleged civil rights violations in connection with his arrest on state drug charges. Concluding that Wright's action was barred by the applicable statute of limitations, the district court entered judgment in favor of Defendants. We placed this case in abeyance pending a decision in *Brooks v. City of Winston-Salem, 85 F.3d 178, 1996 WL 288947 (4th Cir. 1996)*. Now that *Brooks* has been decided, we affirm **[*2]** in part, vacate in part, and remand for further proceedings.

Wright claims that in 1989, the Defendants entered into a conspiracy to violate his *Fourth Amendment* rights, that Defendant Eddie Frazier "planted" cocaine on him, and that in 1990, both Defendants unlawfully arrested him pursuant to a warrant and subsequently attempted to coerce him into pleading guilty. Wright further avers that $ 48,000 was unlawfully seized from him and that a conspiracy existed between Defendants and the state's attorney.

The magistrate judge filed a report recommending dismissal of the action on statute of limitations grounds. The magistrate judge reasoned that the search warrant and arrest warrant were dated August 1990, and Wright's complaint made reference only to 1989. Therefore, the applicable three-year statute of limitations had expired

well before Wright filed his complaint in May 1994.[1]

> [1] Since there are no federal statutes of limitations for *§ 1983* claims, the state statute governing personal injury claims provides the applicable limitations period. *Wilson v. Garcia, 471 U.S. 261, 276, 85 L. Ed. 2d 254, 105 S. Ct. 1938 (1985)*. In South Carolina, for personal injury actions accruing on or after April 5, 1988, the limitations period is three years. *S.C. Code Ann. § 15-3-530(5)* (Law. Co-op. Supp. 1995); *see also Simmons v. South Carolina State Ports Auth., 694 F.2d 63, 64 (4th Cir. 1982)* (citing to previous version of statute).

[*3] In his objections to the magistrate judge's report, Wright argued that the statute of limitations should have been tolled. He contended that he "has been imprison [sic] non stop, since October 27, 1990" (apparently on another charge) and that he "first learned of the Defendants engaging in a Conspiracy to violate [his] Civil and Constitutional Rights, on or about August 14, 1990." Further, Wright alleged that his cause of action did not accrue until November 1990 when his August 1990 arrest was judicially expunged. Therefore, according to Wright, since he was incarcerated at the time of the accrual of his cause of action, he was entitled to a tolling of the statute.

The district court sua sponte dismissed Wright's suit pursuant to *Fed. R. Civ. P. 12(b)(6)*, reasoning that all of Wright's causes of action accrued in August 1990 when he learned of the conspiracy. Since Wright was not imprisoned until October, the district court concluded that he was not entitled to a tolling of the statute. The court did not address Wright's expungement argument.

Pursuant to *S.C. Code Ann. § 15-3-40* (Law. Co-op. Supp. 1995), a person imprisoned on a criminal or civil charge at the time the cause [*4] of action accrues is entitled to have the statute of limitations tolled until five years beyond the applicable limitations period or such time as he or she is released from prison. In order to toll the statute of limitations, the plaintiff must have been in prison at the time his causes of action accrued.

Wright contends that he has been imprisoned continuously since October 1990. Therefore, if Wright's claims accrued at the point in time that he discovered the conspiracy (August 1990), his claims are barred. However, if Wright's claims did not accrue until such time as the charges were favorably terminated in (November 1990), his claims were timely filed, because the statute would have been tolled.

The Supreme Court stated in *Heck v. Humphrey, 512 U.S. 477, 129 L. Ed. 2d 383, 114 S. Ct. 2364 (U.S. 1994)*, that a prisoner attacking the legality of his conviction or confinement

> has no cause of action under *§ 1983* unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.

In its discussion, the Court noted that its holding did not create a statute of limitations problem, because a *§ 1983* claim attacking the [*5] legality of a conviction or sentence, like a malicious prosecution action, would not arise until the conviction or sentence was invalidated. *Id.* at 4597-98.

In *Brooks*, we discussed the application of *Heck* to various causes of action:

> a *§ 1983* action that would *not* render a conviction or sentence invalid and that seeks to recover damages other than those resulting from conviction or sentence was cognizable and could proceed, assuming no other bar to the action was present, even though the plaintiff's conviction or sentence had not been reversed . . . We gather that if such claims properly may go forward, despite the lack of a disposition of the criminal charges that is favorable to the *§ 1983* plaintiff, then these claims must have accrued.

1996 WL 288947 at * 3 (emphasis in original) (citations omitted). However, we noted in *Brooks* that *§ 1983* actions which require proof of termination of the criminal proceeding favorable to the accused do not accrue until such favorable termination is obtained. *Id.* at * 4.

Wright's complaint alleges that Defendants conspired to violate his *Fourth Amendment* rights, conspired to obstruct justice, and engaged in [*6] behavior constituting malicious prosecution.[2] Addressing the

conspiracy claims first, the accrual of such civil rights conspiracy claims is subject to the "knew or should have known" rule. *See Hunt v. Bennett, 17 F.3d 1263, 1266 (10th Cir.), cert. denied, 513 U.S. 832, 130 L. Ed. 2d 55, 115 S. Ct. 107 (U.S. 1994)*. That is, the action arises when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action. *Brooks, 85 F.3d 178, 1996 WL 288947* at * 2. This general rule applies because favorable termination is not an element of a civil rights conspiracy claim. *See Tilton v. Richardson, 6 F.3d 683, 686 (10th Cir. 1994), cert. denied, 510 U.S. 1093, 127 L. Ed. 2d 218, 114 S. Ct. 925 (U.S. 1994)*. Since Wright admits that he learned of the conspiracy in August 1990, his conspiracy claims accrued at that time. Because these claims accrued almost four years before suit was filed, they are time barred under the applicable three-year statute of limitations.

> 2   In his pleadings, Wright uses the term "false arrest." However, his arrest was made pursuant to a warrant that was allegedly lacking in probable cause. Such allegations state a claim for malicious prosecution and not false arrest, which addresses only illegal warrantless arrests. *Brooks, 85 F.3d 178, 1996 WL 288947* at * 2.

[*7] Wright's malicious prosecution claim, however, requires a different result. Such a claim accrues at the favorable termination of the relevant criminal proceeding. *Brooks, 85 F.3d 178, 1996 WL 288947* at * 4. Assuming Wright's allegations that his charges were expunged in November 1990, at a point when he was in prison, are true, the statute of limitations on his malicious prosecution claim was tolled and his claim was therefore filed before the expiration of the limitations period. In addition, Wright's allegations that the Defendants arrested him pursuant to legal process that was not supported by probable cause and that the criminal proceeding terminated in his favor are sufficient to state a *§ 1983* malicious prosecution claim. *See Brooks, 85 F.3d 178, 1996 WL 288947* at * 4.

Therefore, we hold that the district court properly dismissed as time barred Wright's *§ 1983* claim to the extent it was based on a civil rights conspiracy. However, on the record presently before the court, the district court erred in concluding that Wright's action was untimely to the extent that his complaint alleged an unconstitutional arrest accomplished pursuant to a warrant. While we recognize that the court did not have **[*8]** the benefit of our opinion in *Brooks*, a remand for further proceedings with respect to this claim is nonetheless required. Accordingly we affirm in part, vacate in part, and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART, VACATED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS*