# Exhibit 5

**STATE STATUTES THAT EITHER DELAY THE COMMENCEMENT OF STATE TORT STATUTES OF LIMITATIONS, OR SUSPEND THE RUNNING OF THE TORT LIMITATION PERIODS, BASED ON EITHER THE AGE OR THE MENTAL STATUS OF THE TORT VICTIM, AND WHICH STATE COURTS CHARACTERIZE AS "TOLLING STATUTES," "TOLLING RULES," OR "TOLLING PROVISIONS"**

-----------------------------------------------------------------------

## ALABAMA

Code of Ala. §6-2-8  (2013)

§6-2-8.  Disabilities.

(a) If anyone entitled to commence any of the actions enumerated in this chapter, to make an entry on land or enter a defense founded on the title to real property is, at the time the right accrues, below the age of 19 years, or insane, he or she shall have three years, or the period allowed by law for the commencement of an action if it be less than three years, after the termination of the disability to commence an action, make entry, or defend. No disability shall extend the period of limitations so as to allow an action to be commenced, entry made, or defense made after the lapse of 20 years from the time the claim or right accrued. Nothing in this section shall be interpreted as denying any imprisoned person the right to commence an action enumerated in this chapter and to make any proper appearances on his or her behalf in such actions.

(b) When both disabilities coexist at the time the claim accrued, the limitation does not attach until both are removed.

(c) A disability which did not exist when a claim accrued does not suspend the operation of the limitation unless the contrary is expressly provided.

The Alabama Supreme Court has characterized these "narrow exceptions" as "**tolling provisions**" that "temper[]" the general "statutes of limitations." *Travis v. Ziter*, 681 So. 2d 1348, 1352 (Ala. 1996)(emphasis added).

## ALASKA

Alaska Stat. §09.10.140  (2014)

Sec. 09.10.140.  Disabilities of minority and incompetency

(a) Except as provided under (c) of this section, if a person entitled to bring an action mentioned in this chapter is at the time the cause of action accrues either (1) under the age of majority, or (2) incompetent by reason of mental illness or mental disability, the time of a disability identified in (1) or (2) of this subsection is not a part of the time limit for the commencement of the action. Except as provided in (b) of this section, the period within which the action may be brought is not extended in any case longer than two years after the disability ceases.

(b) An action based on a claim of sexual abuse under AS 09.55.650 that is subject to AS 09.10.065(b) may be brought more than three years after the plaintiff reaches the age of majority if it is brought under the following circumstances:

(1) if the claim asserts that the defendant committed one act of sexual abuse on the plaintiff, the plaintiff shall commence the action within three years after the plaintiff discovered or through use of reasonable diligence should have discovered that the act caused the injury or condition;

(2) if the claim asserts that the defendant committed more than one act of sexual abuse on the plaintiff, the plaintiff shall commence the action within three years after the plaintiff discovered or through use of reasonable diligence should have discovered the effect of the injury or condition attributable to the series of acts; a claim based on an assertion of more than one act of sexual abuse is not limited to plaintiff's first discovery of the relationship between any one of those acts and the injury or condition, but may be based on plaintiff's discovery of the effect of the series of acts.

(c) In an action for personal injury of a person who was under the age of eight years at the time of the injury, the time period before the person's eighth birthday is not a part of the time limit imposed under AS 09.10.070(a) for commencing the civil action.

According to the Alaska Supreme Court:

Alaska Statute 09.10.140 addresses **tolling** the statute of limitations for claims belonging to a child during the child's minority. In relevant part, the statute states that "if a person . . . [is] under the age of majority . . . the time [during which the person is under the age of majority] is not a part of the time limit for the commencement of the action." *In State, Department of Revenue, Child Support Enforcement Division ex rel. Valdez v. Valdez*, we stated that "[t]he right to [child] support is that of the child." n16 And *in Grober v. State, Department of Revenue, Child Support Enforcement Division ex rel. C.J.W*., we held that the **tolling** provision in AS 09.10.140 applies even when another can [*469] bring the action on behalf of a minor.

*Heustess v. Kelley-Heustess*, 259 P.3d 462, 468-69 (Alaska 2011)(footnote omitted; eee added; ellipses in the original).

## ARIZONA

Arizona Revised Statutes §12-502 (2013)

§12-502. Effect of minority or insanity -- If a person entitled to bring an action other than those set forth in article 2 of this chapter is at the time the cause of action accrues either under eighteen years of age or of unsound mind, the period of such disability shall not be deemed a portion of the period limited for commencement of the action. Such person shall have the same time after removal of the disability which is allowed to others.

The Arizona Supreme Court repeatedly has characterized as a **tolling** provision. Thus, that Court hass explained: "The [statute of] limitations period begins to run upon accrual. However, the Arizona Legislature has enumerated three conditions that **toll** the running of the statute of limitations - **minority**, unsound mind, and imprisonment. So far as relevant, A.R.S. §12-502 states …." *Doe v. Roe*, 955 P.2d 951, 963 (Ariz. 1998). See *Estate of DeSela v. Prescott Unified Sch. Dist. No. 1*, 249 P.3d 767, 768 (Ariz. 2011)(discussing "the **tolling** provision of A.R.S. §12-502").

## ARKANSAS

Arkansas Code Annotated §16-114-203  (2014)

16-114-203. Statute of limitations.
    (a) Except as otherwise provided in this section, all actions for medical injury shall be commenced within two (2) years after the cause of action accrues.
    (b) The date of the accrual of the cause of action shall be the date of the wrongful act complained of and no other time. However, where the action is based upon the discovery of a foreign object in the body of the injured person which is not discovered and could not reasonably have been discovered within such two-year period, the action may be commenced within one (1) year from the date of discovery or the date the foreign object reasonably should have been discovered, whichever is earlier.
    (c)    (1) If an individual is nine (9) years of age or younger at the time of the act, omission, or failure complained of, the minor claiming on behalf of the minor shall have until the later of the minor's eleventh birthday or two (2) years from the act, omission, or failure in which to commence an action.
        (2) However, if no medical injury is known and could not reasonably have been discovered prior to the minor's eleventh birthday, then the minor or his representative shall have until two (2) years after the medical injury is known or reasonably could have been discovered, or until the minor's nineteenth birthday, whichever is earlier, in which to commence an action.

According to the Arkansas Supreme Court, "[t]he minority **tolling** provision began as part of Act 709 of 1979, which was then codified as Ark. Code Ann. §16-114-203 (1987), and originally provided for a two-year statute of limitations on all medical malpractice claims, except that minors had until their nineteenth birthday to commence suit." *Dachs v. Hendrix*, 354 S.W.3d 95, 99 (Ark. 2009)

## CALIFORNIA

Cal Code Civ Proc §352 (2014)

§352. Persons under disabilities
    (a) If a person entitled to bring an action, mentioned in Chapter 3 (commencing with Section 335) is, at the time the cause of action accrued either under the age of majority or insane, the time of the disability is not part of the time limited for the commencement of the action.

The California Supreme Court has held that "for persons who were minors when the alleged abuse occurred, the limitations period was tolled until one year after the time the plaintiffs reached the age of majority, that is, until the age of 19. (§352, subd. (a); …." Quarry v. Doe I, 272 P.3d 977, 985 (Cal. 2012)(citations omitted)(emphasis added).

## COLORADO

C.R.S. 13-80-102.5 (2013)

13-80-102.5. Limitation of actions - medical or health care
    (1) Except as otherwise provided in this section or section 25.5-4-307, C.R.S., no action alleging negligence, breach of contract, lack of informed consent, or other action arising in tort or contract to recover damages from any health care institution, as defined in paragraph (a) of subsection (2) of this section, or any

3

health care professional, as defined in paragraph (b) of subsection (2) of this section, shall be maintained unless such action is instituted within two years after the date that such action accrues pursuant to section 13-80-108 (1), but in no event shall an action be brought more than three years after the act or omission which gave rise to the action.

                         \*   \*   \*

    (3) The limitation of actions provided in subsection (1) of this section shall not apply under the following circumstances:

       (c) If both the physical injury and its cause are not known or could not have been known by the exercise of reasonable diligence; or

       (d) If the action is brought by or on behalf of:

          (I) A minor under eight years of age who was under six years of age on the date of the occurrence of the act or omission for which the action is brought, in which case the action may be maintained at any time prior to his attaining eight years of age; or

          (II) A person otherwise under disability as defined in section 13-81-101, in which case the action may be maintained within the time period as provided in section 13-81-103.

C.R.S. 13-81-101 (2013)

13-81-101. Definitions
As used in this article, unless the context otherwise requires:

    (1) "Applicable statute of limitations" means any statute of limitations which would apply in a similar case to a person not a person under disability.

    (2) "Legal representative" means a guardian, conservator, personal representative, executor, or administrator duly appointed by a court having jurisdiction of any person under disability or his estate.

    (3) "Person under disability" means any person who is a minor under eighteen years of age, a mental incompetent, or a person under other legal disability and who does not have a legal guardian.

    (4) "Take action" means the bringing, commencement, maintenance, or prosecution of any action, suit, or proceeding to enforce any right, or the assertion of any such right in any other manner, affirmatively or by way of defense. "Take action" shall also include exercising the right to elect to receive a lump-sum payment on behalf of the plaintiff in a civil action for purposes of section 13-64-205 (1) (f) when the legal representative determines that the election is in the best interest of the plaintiff.

    According to the Colorado Supreme Court, "the **tolling** provisions of sections 13-80-102.5(3)(d)(II) and 13-81-101 operate strictly to **toll** the otherwise applicable statute of limitations in favor of a minor child who does not have a court-appointed legal representative." *Elgin v. Bartlett*, 994 P.2d 411, 414 (Colo. 1999)

**CONNECTICUT**

    Conn. Gen. Stat. Ann. §52-577d (West) (2002)

    §52-577d. Limitation of action for damages to minor caused by sexual abuse, exploitation or assault

    Notwithstanding the provisions of section 52-577, no action to recover damages for personal injury to a minor, including emotional distress, caused by sexual

abuse, sexual exploitation or sexual assault may be brought by such person later than thirty years from the date such person attains the age of majority.

Although Conn. Gen. Stat. Ann. §52-577d has not been construed as a "**tolling**" provision by a Connecticut appellate court, several state trial courts have agreed the general statute of limitations for personal injuries "is **tolled** by §52-577d because a cause of action sounding in sexual harassment is a 'personal injury' claim." *Chance v. Leno's Lawn Serv.*, LLC, 2009 Conn. Super. LEXIS 2708, *8-9 (Conn. Super. Ct. Oct. 14, 2009). See *Milhomme v. Levola*, 1995 Conn. Super. LEXIS 2090, *4 (Conn. Super. Ct. July 14, 1995)("§52-577d … effectively **tolled** the statute of limitations in civil cases in which a minor who has been victimized by sexual assault")

## DELAWARE

10 Del. C. §8116 (2014)

§8116. Savings for infants or persons under disability

If a person entitled to any action comprehended within §§8101-8115 of this title, shall have been, at the time of the accruing of the cause of such action, under disability of infancy or incompetency of mind, this chapter shall not be a bar to such action during the continuance of such disability, nor until the expiration of 3 years from the removal thereof.

Although 10 Del. C. §8116 (2014) has not been construed as a "**tolling**" provision by a Delaware appellate court, at least one trial court has held the general "statute of limitations can be **tolled** on the basis of mental incompetency." *Sheridan v. Sheridan*, 1997 Del. Ch. LEXIS 113, *16 (Del. Ch. July 25, 1997).

## DISTRICT OF COLUMBIA

D.C. Code §12-301 (formerly cited as DC ST 1981 §12-301)

§12-301. Limitation of time for bringing actions

Except as otherwise specifically provided by law, actions for the following purposes may not be brought after the expiration of the period specified below from the time the right to maintain the action accrues:
        (1) for the recovery of lands, tenements, or hereditaments -- 15 years;
        (2) for the recovery of personal property or damages for its unlawful detention -- 3 years;
        (3) for the recovery of damages for an injury to real or personal property -- 3 years;
        (4) for libel, slander, assault, battery, mayhem, wounding, malicious prosecution, false arrest or false imprisonment -- 1 year;
        (5) for a statutory penalty or forfeiture -- 1 year;
        (6) on an executor's or administrator's bond -- 5 years; on any other bond or single bill, covenant, or other instrument under seal -- 12 years;
        (7) on a simple contract, express or implied -- 3 years;
        (8) for which a limitation is not otherwise specially prescribed -- 3 years;
        (9) for a violation of §7-1201.01(11) - 1 year;

(10) for the recovery of damages for an injury to real property from toxic substances including products containing asbestos -- 5 years from the date the injury is discovered or with reasonable diligence should have been discovered;

(11) for the recovery of damages arising out of sexual abuse that occurred while the victim was a minor -- 7 years from the date that the victim attains the age of 18, or 3 years from when the victim knew, or reasonably should have known, of any act constituting abuse, whichever is later.

This section does not apply to actions for breach or contracts for sale governed by §28:2-725, nor to actions brought by the District of Columbia government.

--

D.C. Code §12-302 (formerly cited as DC ST 1981 §12-302)

§12-302. Disability of plaintiff.

(a) Except as provided by subsection (b) of this section, when a person entitled to maintain an action is, at the time the right of action accrues:
(1) under 18 years of age; or
(2) non compos mentis; or
(3) imprisoned --
he or his proper representative may bring action within the time limited after the disability is removed.
(b) When a person entitled to maintain an action for the recovery of lands, tenements, or hereditaments, or upon an instrument under seal, is under any of the disabilities specified by subsection (a) of this section at the time the right of action accrues, he or his proper representative, except where otherwise specified herein, may bring the action within 5 years after the disability is removed, and not thereafter.

The District of Columbia Court of Appeals has held that lower courts must "consider the plaintiff's claim of impaired judgment within the framework of D.C.Code §12–302(a), which provides for **tolling** of the statute of limitations where a plaintiff is *non compos mentis* but not where, as here, she claims some lesser impairment." *Hendel v. World Plan Executive Council*, 705 A.2d 656, 666 (D.C. 1997).


**FLORIDA**

**Fla. Stat. Ann. §95.051 (West)**

**95.051. When limitations <u>tolled</u>**

(1) The running of the time under any statute of limitations except ss. 95.281, 95.35, and 95.36 is **tolled** by:
(a) Absence from the state of the person to be sued.
(b) Use by the person to be sued of a false name that is unknown to the person entitled to sue so that process cannot be served on the person to be sued.
(c) Concealment in the state of the person to be sued so that process cannot be served on him or her.
(d) The adjudicated incapacity, before the cause of action accrued, of the person entitled to sue. In any event, the action must be begun within 7 years after

the act, event, or occurrence giving rise to the cause of action.

(e) Voluntary payments by the alleged father of the child in paternity actions during the time of the payments.

(f) The payment of any part of the principal or interest of any obligation or liability founded on a written instrument.

(g) The pendency of any arbitral proceeding pertaining to a dispute that is the subject of the action.

(h) The period of an intervening bankruptcy **toll**s the expiration period of a tax certificate under s. 197.482 and any proceeding or process under chapter 197.

(i) The minority or previously adjudicated incapacity of the person entitled to sue during any period of time in which a parent, guardian, or guardian ad litem does not exist, has an interest adverse to the minor or incapacitated person, or is adjudicated to be incapacitated to sue; except with respect to the statute of limitations for a claim for medical malpractice as provided in s. 95.11. In any event, the action must be begun within 7 years after the act, event, or occurrence giving rise to the cause of action.

Paragraphs (a)-(c) shall not apply if service of process or service by publication can be made in a manner sufficient to confer jurisdiction to grant the relief sought. This section shall not be construed to limit the ability of any person to initiate an action within 30 days after the lifting of an automatic stay issued in a bankruptcy action as is provided in 11 U.S.C. s. 108(c).

(2) A disability or other reason does not **toll** the running of any statute of limitations except those specified in this section, s. 95.091, the Florida Probate Code, or the Florida Guardianship Law.

As the Florida Supreme Court has explained:

The "**tolling**" of a limitation period would interrupt the running thereof subsequent to accrual. *See* §95.051, Fla. Stat. (1987). To that end, the Legislature enumerated specific grounds for **tolling** limitation periods, but did not include delayed discovery due to lack of memory. *See* §95.051(1), Fla. Stat. (1987). Furthermore, the **tolling** statute specifically precludes application of any **tolling** provision not specifically provided therein. *See* §95.051(2), Fla. Stat. (1987). We extrapolate, therefore, that while accrual pertains to the existence of a cause of action which then triggers the running of a statute of limitations, **tolling** focuses directly on limitation periods and interrupting the running thereof. That both accrual and **tolling** may be employed to postpone the running of a statute of limitations so that an action would not become time-barred should not cause confusion between these distinct concepts.[2] Thus, a determination of whether a cause of action is time-barred pursuant to the expiration of a statute of limitations may require two different analyses: First, whether the cause of action accrued and, if so, when; and, second, whether a statutory **tolling** provision applies.

*Hearndon v. Graham*, 767 So. 2d 1179, 1185 (Fla. 2000)**.** That Court recently explained that use of the term "**toll**" in section 95.051 is synonymous with "suspend, i.e., "The '**tolling**' language in section 90.051 has been routinely and consistently interpreted as *suspending* the running the

statute of limitations time clock until the identified condition is settled." *Hankey v. Yarian,* 755 So.2d 93, 96 (Fla.2000) (emphasis added).

**GEORGIA**

Ga. Code Ann. §9-3-33.1 (West)

**O.G.C.A. §9-3-33.1. Childhood sexual abuse**

(a) As used in this Code section, the term "childhood sexual abuse" means any act committed by the defendant against the plaintiff which act occurred when the plaintiff was under the age of 18 years and which act would have been proscribed by Code Section 16-6-1, relating to rape; Code Section 16-6-2, relating to sodomy and aggravated sodomy; Code Section 16-6-3, relating to statutory rape; Code Section 16-6-4, relating to child molestation and aggravated child molestation; Code Section 16-6-5, relating to enticing a child for indecent purposes; Code Section 16-6-12, relating to pandering; Code Section 16-6-14, relating to pandering by compulsion; Code Section 16-6-15, relating to solicitation of sodomy; Code Section 16-6-22, relating to incest; Code Section 16-6-22.1, relating to sexual battery; or Code Section 16-6-22.2, relating to aggravated sexual battery, or any prior laws of this state of similar effect which were in effect at the time the act was committed.

(b) Any civil action for recovery of damages suffered as a result of childhood sexual abuse shall be commenced within five years of the date the plaintiff attains the age of majority.

**O.G.C.A. §9-3-90. Persons under disability**

(a) Minors and persons who are legally incompetent because of mental retardation or mental illness, who are such when the cause of action accrues, shall be entitled to the same time after their disability is removed to bring an action as is prescribed for other persons.

(b) No action accruing to a person imprisoned at the time of its accrual which, prior to July 1, 1984, has been barred by the provisions of this chapter relating to limitations of actions shall be revived by this chapter, as amended. No action accruing to a person imprisoned at the time of its accrual which would be barred before July 1, 1984, by the provisions of this chapter, as amended, but which would not be so barred by the provisions of this chapter in force immediately prior to July 1, 1984, shall be barred until July 1, 1985.

Ga. Code Ann. §9-3-90 (West)

The Supreme Court of Georgia has held that "statutes of limitation also may be **tolled** for many reasons . . . [f]or example, **tolling** during a child's minority can result in delays of well over a decade between the alleged incident and the filing of the lawsuit or service of the complaint on the defendant. See, e.g., **OCGA §9–3–90(a)** ("Minors and persons who are legally incompetent because of mental retardation or mental illness, who are such when the cause of action accrues, shall be entitled to the same time after their disability is removed to bring an action as is prescribed for other persons."); *Rowland v. Rowland,* 204 Ga. 603, 608–609, 50 S.E.2d 343 (1948) (suit for accounting against an administrator filed almost 12 years after the administrator qualified was not barred by the statute of limitation because the plaintiff was a

minor for more than half of that time)" *Toporek v. Zepp,* 224 Ga.App. 26, 28, 479 S.E.2d 759 (1996) (contract claims in legal malpractice lawsuit filed over 19 years after the alleged breach of contract were not barred by the statute of limitation because the complaint was filed within four years of the time the plaintiff reached the age of majority)." *Robinson v. Boyd*, 288 Ga. 53, 57, 701 S.E.2d 165, 168-69 (Ga. 2010) (emphasis added).

## HAWAII

Haw. Rev. Stat. §657-13

§657-13. Infancy, insanity, imprisonment

If any person entitled to bring any action specified in this part (excepting actions against the sheriff, chief of police, or other officers) is, at the time the cause of action accrued, either:

(1) Within the age of eighteen years; or,

(2) Insane; or,

(3) Imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than the person's natural life;

such person shall be at liberty to bring such actions within the respective times limited in this part, after the disability is removed or at any time while the disability exists.

The Supreme Court of Hawaii has held that "[i]nasmuch as HRS §657–13 governs classes of 'personal' tort actions, such as '[d]amage to persons or property,' *see* HRS §657–7, **the infancy tolling provision of HRS §657–13(1)** applies directly to personal injury actions against the City." *Kahale v. City & Cnty. of Honolulu*, 104 Haw. 341, 349, 90 P.3d 233, 241 (2004) (emphasis added).

## IDAHO

Idaho Code Ann. §5-230 (West)

§5-230. Persons under disabilities--Other than for real property

If a person entitled to bring an action, other than for the recovery of real property, be, at the time the cause of action accrued, either:
    1. Under the age of majority; or
    2. Insane.[;]
The time of such disability is not a part of the time limited for the commencement of the action, provided however, that the time limited for the commencement of an action shall not be **tolled** for a period of more than six (6) years on account of minority, incompetency, a defendant's absence from the jurisdiction, any legal disability or for other cause or reason except as specifically provided in section 5-213, Idaho Code.

The Idaho Supreme Court has held that "Section 5-230 does not **toll** just the time after which the minor plaintiff must file an action; rather, it **toll**s the time after which the minor must

commence the action." *Doe v. Durtschi*, 716 P.2d 1238, 1249 (Idaho 1986). The Idaho Supreme Court further noted that "with the passage of I.C. §6-906A, the legislature expressly applied the general **tolling** statute's policy of protecting minors to the notice of claim requirement in the ITCA [Idaho Tort Claims Act]." Id., 716 P.2d at 1247 n. 5 (citation omitted). Furthermore, "[a]s the Durtschi Court explained, the legislature enacted I.C. §6-906A to protect the rights of injured minors until they are old enough to take appropriate action." *Osborn v. Salinas*, 958 P.2d 1142, 1144 (Idaho 1998)

Idaho Code §6-906A  (2014)

§6-906A. Time for filing claims by minors
No person who is a minor shall be required to present and file a claim against a governmental entity or its employee under this chapter until one hundred eighty (180) days after said person reaches the age of majority or six (6) years from the date the claim arose or should reasonably have been discovered, whichever is earlier.

Idaho Code §6-1704  (2014)

§6-1704. Statute of limitations
(1) Notwithstanding any limitation contained in chapter 2, title 5, Idaho Code, an action under the provisions of this chapter must be commenced within five (5) years from the date that an aggrieved child reaches the age of eighteen (18) years or, after the child reaches the age of eighteen (18) years, within five (5) years of the time the child discovers or reasonably should have discovered the act, abuse or exploitation and its causal relationship to an injury or condition suffered by the child, whichever occurs later.
(2) The child need not establish which act in a series of continuing acts, abuse or exploitation caused the injury complained of, but may compute the date of discovery from the date of discovery of the last act by the same perpetrator which is part of a common scheme or plan.
(3) The knowledge of a custodial parent or guardian shall not be imputed to a child under the age of eighteen (18) years.

*See* generally *Osborn v. Salinas*, 958 P.2d 1142, 1143-45 (Idaho 1998)(discussing the "tolling" effects of these statutes).


**ILLINOIS**

735 ILCS 5/13-211

5/13-211. Minors and persons under legal disability

§13-211. Minors and persons under legal disability. If the person entitled to bring an action, specified in Sections 13-201 through 13-210 of this Act, at the time the cause of action accrued, is under the age of 18 years, or is under a legal disability, then he or she may bring the action within 2 years after the person attains the age of 18 years, or the disability is removed.

The Illinois Supreme Court has held that "[w]hen a potential plaintiff has a legal disability,

the statute of limitations is **tolled** until the plaintiff is no longer disabled. 735 ILCS 5/13-211 (West 1998)." *Parks v. Kownacki,* 193 Ill. 2d 164, 178, 737 N.E.2d 287, 295 (2000)

## INDIANA

Ind. Code Ann. §34-11-6-1 (West)(emphasis added)l

34-11-6-1 Accrual of action

Sec. 1. A person who is under legal disabilities when the cause of action accrues may bring the action within two (2) years after the disability is removed.

The Indiana Court of Appeals has held that "Indiana Code section 34–11–6–1 provides those with legal disabilities **an opportunity to toll statutes of limitations**: "A person who is under legal disabilities when the cause of action accrues may bring the action within two (2) years after the disability is removed." *Robertson v. Gene B. Glick Co., Inc.*, 960 N.E.2d 179, 183 (Ind. Ct. App. 2011)

## IOWA

Iowa Code Ann. §614.8 (West)

Minors and persons with mental illness

1. The times limited for actions in this chapter, or chapter 216, 669, or 670, except those brought for penalties and forfeitures, are extended in favor of persons with mental illness, so that they shall have one year from and after the termination of the disability within which to file a complaint pursuant to chapter 216, to make a claim pursuant to chapter 669, or to otherwise commence an action.

2. Except as provided in section 614.1, subsection 9, the times limited for actions in this chapter, or chapter 216, 669, or 670, except those brought for penalties and forfeitures, are extended in favor of minors, so that they shall have one year from and after attainment of majority within which to file a complaint pursuant to chapter 216, to make a claim pursuant to chapter 669, or to otherwise commence an action.

The Iowa Supreme Court has held that "[t]he legislature simplified the statute by removing the notice requirement. It also changed the statute so that the **tolling provision for minors** found in section 614.8 now applies to municipal tort claims. *Rucker v. Humboldt Cnty. Sch. Dist.*, 737 N.W. 292, 295 (Iowa 2007)(emphasis added).

## KANSAS

Kan. Stat. Ann. §60-515 (West)

60-515. Persons under legal disability

(a) *Effect.* Except as provided in K.S.A. 60-523, if any person entitled to bring an action, other than for the recovery of real property or a penalty or a forfeiture, at the time the cause of action accrued or at any time during the period the statute of limitations is running, is less than 18 years of age, an incapacitated person or imprisoned for a term less than such person's natural life, such person shall be

entitled to bring such action within one year after the person's disability is removed, except that no such action shall be commenced by or on behalf of any person under the disability more than eight years after the time of the act giving rise to the cause of action.

Notwithstanding the foregoing provision, if a person imprisoned for any term has access to the court for purposes of bringing an action, such person shall not be deemed to be under legal disability.

(b) *Death of person under disability.* If any person entitled to bring an action dies during the continuance of any disability specified in subsection (a) and no determination is made of the cause of action accrued to the deceased, any person entitled to claim from, by or under the deceased, may commence such action within one year after the deceased's death, but in no event shall any such action be commenced more than eight years beyond the time of the act giving rise to the cause of action.

The Kansas Supreme Court has held that "[t]he statute does not suspend, interrupt, or extend the statute of limitations, but operates merely **to toll the statute of limitations under stated circumstances** . . . [i]n order for the provisions of K.S.A. 60–515(a) to **toll** the statute of limitations, a disability prescribed by that statute must have existed at the time the cause of action accrued or have come into existence during the period the applicable statute of limitations was running, without regard to any **tolling** of the statute. *Biritz v. Williams*, 262 Kan. 769, 774, 942 P.2d 25, 29 (1997).

## KENTUCKY

Ky. Rev. Stat. Ann. §413.170 (West)

413.170 Limitations of actions in KRS 413.090 to 413.160 do not run until removal of disability or death

(1) If a person entitled to bring any action mentioned in KRS 413.090 to 413.160, except for a penalty or forfeiture, was, at the time the cause of action accrued, an infant or of unsound mind, the action may be brought within the same number of years after the removal of the disability or death of the person, whichever happens first, allowed to a person without the disability to bring the action after the right accrued.

(2) The right of action upon the official bond of a guardian, personal representative, curator, of the sheriff, or the officer acting as personal representative, or of any other person receiving and holding money to be distributed to a ward, distributee or devisee, under the order of court or by authority of law, of a ward, distributee, devisee or other person entitled, who was an infant when the bond was executed, shall not be deemed to have accrued, unless otherwise expressed in the bond, before the plaintiff attained the age of twenty-one (21) years. Where there are several wards, or several distributees or devisees or other beneficiaries secured by the same bond, who, or some of whom, were infants when the bond was given, the right of action of each one (1) of such infants shall not be deemed to have accrued before he attained the age of twenty-one (21) years.

The Kentucky Court of Appeals has held that "KRS 413.170 **tolls the two-year statute of limitations** under the no-fault statute in cases of minors and persons under disability. *Lemmons v. Ransom*, 670 S.W.2d 478, 479 (Ky. 1984)(emphasis added) (citing *Everman v. Miller,* Ky.App., 597 S.W.2d 153 (1979), *Tucker v. Johnson,* Ky.App., 619 S.W.2d 496 (1981).

## LOUISIANA

La. C.C. Art. 3496.1 (2013)

Art. 3496.1. Action against a person for abuse of a minor
An action against a person for abuse of a minor is subject to a liberative prescriptive period of three years. This prescription commences to run from the day the minor attains majority, and this prescription, for all purposes, shall be suspended until the minor reaches the age of majority. This prescriptive period shall be subject to any exception of peremption provided by law.

Louisiana courts have held that this exception to the ordinary statutory prescription period for filing civil suits, effectively **toll**s the time in which such must be filed.  See Bowie v. Rapides Parish Sch. Bd., 867 So. 2d 942, 943-95 (La.App. Mar. 3, 2004); Dugas v. Durr, 707 So. 2d 1368 (La.App. Mar. 6 1998), writ denied by 719 So. 2d 464 (La. 1998), especially when that statute is read *in pari material* with La. R.S. 9:2800.9, which provides: "An action against a person for sexual abuse of a minor, or for physical abuse of a minor resulting in permanent impairment or permanent physical injury or scarring, is subject to a liberative prescriptive period of ten years. This prescription commences to run from the day the minor attains majority, and this prescription shall be suspended for all purposes until the minor reaches the age of majority. Abuse has the same meaning as provided in Louisiana Children's Code Article 603(1). This prescriptive period shall be subject to any exception of peremption provided by law." As a result, "'there can be no doubt that the legislature intended the extended prescriptive periods to include lack of supervision which allows or causes abuse to a minor.'" Dugas, 707 So. 2d at 1371 (citation                                                                                                    omitted).

## MAINE

Me. Rev. Stat. tit. 14, §853

§853. Persons under disability may bring action when disability removed

If a person entitled to bring any of the actions under sections 752 to 754, including section 752-C, and under sections 851 and 852 and Title 24, section 2902 and, until July 1, 2017, section 2902-B is a minor, mentally ill, imprisoned or without the limits of the United States when the cause of action accrues, the action may be brought within the times limited herein after the disability is removed.

The Supreme Judicial Court of Main has held that **"[t]he Legislature has decided when a cause of action may be tolled**, 14 M.R.S.A. §**§853**, 859 (Supp.1994), and has specified the very limited circumstances when the discovery rule may be used, 24 M.R.S.A. §2902 (1990). *See*

L.D. 2400 Statement of Fact (112th Legis.1985) (revised draft)" *Dasha v. Maine Med. Ctr.,* 665 A.2d 993, 996 (Me. 1995)(emphasis added).

## MARYLAND

Md. Code Ann., Cts. & Jud. Proc. §5-201 (West)

§5-201. Persons with disabilities

**Accruals which favor minors or mentally incompetent persons**
(a) When a cause of action subject to a limitation under Subtitle 1 of this title or Title 3, Subtitle 9 of this article accrues in favor of a minor or mental incompetent, that person shall file his action within the lesser of three years or the applicable period of limitations after the date the disability is removed.

**Application of section**
(b) This section does not apply if the statute of limitations has more than three years to run when the disability is removed.

**Imprisonment, absence from State, or marriage**
(c) Imprisonment, absence from the State, or marriage are not disabilities which extend the statute of limitations.

The Maryland Court of Appeals has held that "[b]ecause §5–201 of the Courts Article **tolls** the statute of limitations, the minor is possibly entitled to relief on these claims." *Garay v. Overholtzer*, 332 Md. 339, 374, 631 A.2d 429, 447 (1993)

## MASSACHUSETTS

Mass. Gen. Laws Ann. ch. 260, §7 (West)

§7. Minors and incapacitated persons

If the person entitled thereto is a minor, or is incapacitated by reason of mental illness when a right to bring an action first accrues, the action may be commenced within the time hereinbefore limited after the disability is removed.

The Supreme Judicial Court of Massachusetts has held that "[t]he disability **tolling** statute simply states that, if a person entitled to bring a cause of action is "a minor, or is incapacitated by reason of mental illness," the action may be commenced within a specified time period 'after the disability is removed.' G.L. c. 260, §7." *O'Brien v. Massachusetts Bay Transp. Auth.*, 405 Mass. 439, 444, 541 N.E.2d 334, 337 (1989)(emphasis added).

## MICHIGAN

Mich. Comp. Laws Ann. §600.5851 (West)

600.5851. Disabilities of infancy or insanity at accrual of claim; year of grace; tacking; removal of infancy disability; medical malpractice exception; application

14

to imprisonment disability

Sec. 5851. (1) Except as otherwise provided in subsections (7) and (8), if the person first entitled to make an entry or bring an action under this act is under 18 years of age or insane at the time the claim accrues, the person or those claiming under the person shall have 1 year after the disability is removed through death or otherwise, to make the entry or bring the action although the period of limitations has run. This section does not lessen the time provided for in section 5852.[1]

The Supreme Court of Michigan has held that "[t]he minority/insanity **tolling** provision of MCL 600.5851(1) extends the time for filing suit by **tolling** an otherwise applicable statute of limitations." *Joseph v. Auto Club Ins. Ass'n*, 491 Mich. 200, 208, 815 N.W.2d 412, 417 (2012) reh'g denied, 815 N.W.2d 491 (Mich. 2012) (emphasis added).

## MINNESOTA

Minn. Stat. Ann. §541.15 (West)

541.15. Periods of disability not counted

(a) Except as provided in paragraph (b), any of the following grounds of disability, existing at the time when a cause of action accrued or arising anytime during the period of limitation, shall suspend the running of the period of limitation until the same is removed; provided that such period, except in the case of infancy, shall not be extended for more than five years, nor in any case for more than one year after the disability ceases:

(1) that the plaintiff is within the age of 18 years;

(2) the plaintiff's insanity;

(3) is an alien and the subject or citizen of a country at war with the United States;

(4) when the beginning of the action is stayed by injunction or by statutory prohibition.

If two or more disabilities shall coexist, the suspension shall continue until all are removed.

(b) In actions alleging malpractice, error, mistake, or failure to cure, whether based on contract or tort, against a health care provider, the ground of disability specified in paragraph (a), clause (1), suspends the period of limitation until the disability is removed. The suspension may not be extended for more than seven years, or for more than one year after the disability ceases.

For purposes of this paragraph, health care provider means a physician, surgeon, dentist, or other health care professional or hospital, including all persons or entities providing health care as defined in section 145.61, subdivisions 2 and 4, or a certified health care professional employed by or providing services as an independent contractor in a hospital.

The Minnesota Supreme Court has held that "[u]nder the minority **tolling** statute, Minn.Stat. §541.15(a)(1) (2000), when a negligence action accrues during a plaintiff's infancy, the plaintiff

must commence the action either within one year of reaching the age of majority or within the six-year period of limitation, whichever is later. *D.M.S. v. Barber*, 645 N.W.2d 383, 386-87 (Minn. 2002)(emphasis added).

Minn. Stat. Ann. §541.073 (West)

**541.073. Actions for damages due to sexual abuse; special provisions**

**Subdivision 1. Definition.** As used in this section:

(1) "sexual abuse" means conduct described in sections 609.342 to 609.3451; and

(2) "person" includes a natural person, corporation, limited liability company, partnership, organization, association, or other entity.

**Subd. 2. Limitations period.** (a) An action for damages based on sexual abuse: (1) must be commenced within six years of the alleged sexual abuse in the case of alleged sexual abuse of an individual 18 years or older; (2) may be commenced at any time in the case of alleged sexual abuse of an individual under the age of 18, except as provided for in subdivision 4; and (3) must be commenced before the plaintiff is 24 years of age in a claim against a natural person alleged to have sexually abused a minor when that natural person was under 14 years of age.

(b) The plaintiff need not establish which act in a continuous series of sexual abuse acts by the defendant caused the injury.

(c) This section does not affect the suspension of the statute of limitations during a period of disability under section 541.15.

**Subd. 3. Applicability.** This section applies to an action for damages commenced against a person who was a cause of the plaintiff's damages either by (1) committing sexual abuse against the plaintiff, or (2) negligence.

**Subd. 4. Vicarious liability or respondeat superior claims.** A claim for vicarious liability or liability under the doctrine of respondeat superior must be commenced within six years of the alleged sexual abuse, provided that if the plaintiff was under the age of 18 at the time of the alleged abuse, the claim must be commenced before the plaintiff is 24 years of age. This subdivision does not limit the availability of these claims under other law.

**Subd. 5. Title.** This section may be cited as the "Child Victims Act."

The Minnesota Supreme Court has further recognized that "[t]he legislature drafted the delayed discovery statute in response to concerns that victims of sexual abuse, particularly those victimized by someone in a position of authority and those victimized during childhood, often react to the abuse by developing psychological coping mechanisms that prevent them from commencing a legal action within the normal period of limitation for negligence or battery actions . . . [t]hese coping mechanisms can take any number of forms, including feelings of denial, shame, and guilt, and repression of memories of the abuse . . . [b]y enacting the delayed discovery statute, the legislature sought to address this phenomenon by giving sexual abuse victims more time to recognize the abuse they suffered." *D.M.S. v. Barber*, 645 N.W.2d 383, 387 (Minn. 2002)(internal citations omitted).

## MISSISSIPPI

Miss. Code. Ann. §15-1-59 (West)

§15-1-59. Person under disability of infancy or unsoundness of mind

If any person entitled to bring any of the personal actions mentioned shall, at the time at which the cause of action accrued, be under the disability of infancy or unsoundness of mind, he may bring the actions within the times in this chapter respectively limited, after his disability shall be removed as provided by law. However, the saving in favor of persons under disability of unsoundness of mind shall never extend longer than twenty-one (21) years.

The Mississippi Supreme Court has held that "§15-1-59 specifically reserves the **tolling** of the limitation period to those personal actions mentioned within the chapter of which the wrongful death act is not one." *Marcum v. Hancock Cnty. Sch. Dist.*, 741 So. 2d 234, 237 (Miss. 1999)(emphasis added).

## MISSOURI

Mo. Ann. Stat. §516.170 (West)

516.170. May delay filing of action, when

Except as provided in section 516.105, if any person entitled to bring an action in sections 516.100 to 516.370 specified, at the time the cause of action accrued be either within the age of twenty-one years, or mentally incapacitated, such person shall be at liberty to bring such actions within the respective times in sections 516.100 to 516.370 limited after such disability is removed.

The Supreme Court of Missouri has held that "[b]y the express terms of the statute, the **tolling** provision of section 516.170 does not apply to malpractice actions brought pursuant to section 516.105." *Batek v. Curators of Univ. of Missouri*, 920 S.W.2d 895, 898 (Mo. 1996)(emphasis added).

## MONTANA

Mont. Code Ann. §27-2-401

27-2-401. When person entitled to bring action is under a disability

(1) If a person entitled to bring an action mentioned in part 2, except 27-2-211(3), is, at the time the cause of action accrues, either a minor or has been committed pursuant to 53-21-127, the time of the disability is not a part of the time limit for commencing the action. However, the time limit cannot be extended more than 5 years by the disability of commitment.

(2) If an action is barred by 27-2-304, any of the heirs, devisees, or creditors who at the time of the transaction upon which the action might have been founded

17

were under one of the disabilities mentioned in subsection (1) may, within 5 years after the cessation of the disability, maintain an action to recover damages. In the action, the person may recover the sum or the value of the property that the person would have received upon the final distribution of the estate if an action had been commenced in a timely manner by the personal representative.

(3) A person may not claim a disability unless it existed when the right of action or entry accrued.

(4) When both disabilities referred to in subsection (1) coexist at the time that the right of action or entry accrues, the limitation does not attach until both are removed.

The Supreme Court of Montana has held that "[t]his Court has already determined that section 27-2-401(1) operates to **toll** the applicable statute of limitations until the plaintiff is no longer disabled. *Smith v. Sturm, Ruger & Co., Inc.*, 198 Mont. 47, 49, 643 P.2d 576, 577 (1982)(emphasis added).

## NEBRASKA

Neb. Rev. Stat. §25-213 (emphasis added).

25-213. **Tolling** of statutes of limitation; when

Except as provided in sections 76-288 to 76-298, if a person entitled to bring any action mentioned in Chapter 25, the Political Subdivisions Tort Claims Act, the Nebraska Hospital-Medical Liability Act, the State Contract Claims Act, the State Tort Claims Act, or the State Miscellaneous Claims Act, except for a penalty or forfeiture, for the recovery of the title or possession of lands, tenements, or hereditaments, or for the foreclosure of mortgages thereon, is, at the time the cause of action accrued, within the age of twenty years, a person with a mental disorder, or imprisoned, every such person shall be entitled to bring such action within the respective times limited by Chapter 25 after such disability is removed. For the recovery of the title or possession of lands, tenements, or hereditaments or for the foreclosure of mortgages thereon, every such person shall be entitled to bring such action within twenty years from the accrual thereof but in no case longer than ten years after the termination of such disability. Absence from the state, death, or other disability shall not operate to extend the period within which actions in rem are to be commenced by and against a nonresident or his or her representative.

## NEVADA

Nev. Rev. Stat. Ann. §11.250 (West)

11.250. Disabilities preventing running of statute

If a person entitled to bring an action other than for the recovery of real property be, at the time the cause of action accrued, either:

1. Within the age of 18 years; or

2. Insane; or

3. In the custodial care of the State, if placed in such care while less than 18 years of age, except when the person is imprisoned, paroled or on probation,

the time of such disability shall not be a part of the time limited for the commencement of the action.

See *Butler ex rel. Biller v. Bayer*, 168 P.3d 1055 at n. 23, 1062 (2007)("However, because Butler's injuries rendered him 'insane,' NRS 11.250 **tolled** the applicable statute of limitations, indicating that Butler's claims against Smith were not time barred.") *See Smith By and Through Smith v. City of Reno*, 580 F.Supp. 591, 592 (D.Nev.1984) (interpreting "insane" as used in NRS 11.250 "to include a mental disability resulting in the inability to manage one's affairs," and denying defendant's motion to dismiss the complaint as time-barred because the "Plaintiff's interpretation of the **tolling** statute is consistent with the Nevada Supreme Court's policy … and with the general policies underlying statutes of limitation. A statute of limitations 'is intended to run against those who are neglectful of their rights, and who fail to use reasonable and proper diligence in the enforcement thereof.'")(citation omitted).

## NEW HAMPSHIRE

N.H. Rev. Stat. Ann. §508:8

508:8 Disabilities.

An infant or mentally incompetent person may bring a personal action within 2 years after such disability is removed.

The Supreme Court of New Hampshire has held that "the purpose of RSA 508:1 is to make RSA chapter 508 the source for 'catch-all' statutes of limitations and **tolling** provisions, and to ensure that more specific statutes found elsewhere remain controlling." *Steir v. Girl Scouts of U.S.A.*, 150 N.H. 212, 215, 834 A.2d 385, 388 (2003) (emphasis added)(opinion after certified question answered sub nom. *Steir v. Girl Scouts of the USA*, 383 F.3d 7 (1st Cir. 2004)).

## NEW JERSEY

N.J. Stat. Ann. §2A:14-21 (West)

2A:14-21. Disabilities affecting limitations prescribed by articles 1 and 2

If a person entitled to commence an action or proceeding specified in N.J.S.2A:14-1 to 2A:14-8 or N.J.S.2A:14-16 to 2A:14-20 or to a right or title of entry under N.J.S.2A:14-6 is under the age of 18 years or a person who has a mental disability that prevents the person from understanding his legal rights or commencing a legal action at the time the cause of action or right or title accrues, the person may commence the action or make the entry, within the time as limited by those statutes, after reaching majority or having the mental capacity to pursue the person's lawful rights. Notwithstanding the provisions of this section to the contrary, an action by or on behalf of a minor that has accrued for medical malpractice for injuries sustained at birth shall be commenced prior to the minor's

13th birthday, as provided in N.J.S.2A:14-2.

The Supreme Court of New Jersey has held that "[w]e conclude that the **tolling** provision and the age-of-majority statute, read together, reflect a clear legislative purpose to lower the age of majority from twenty-one to eighteen for all purposes, including the establishment of eighteen as the age until which the statutes of limitation referred to in N.J.S.A. 2A:14-21 are **tolled**." *Green v. Auerbach Chevrolet Corp.,* 127 N.J. 591, 598, 606 A.2d 1093, 1097 (1992)(emphasis added).

## NEW MEXICO

N.M. Stat. Ann. §37-1-10 (West)

§37-1-10. Minors; incapacitated persons

The times limited for the bringing of actions by the preceding provisions of this chapter shall, in favor of minors and incapacitated persons, be extended so that they shall have one year from and after the termination of such incapacity within which to commence said actions.

N.M. Stat. Ann. §37-1-10 (West)

The New Mexico Court of Appeals has held that "NMSA 1978, §37–1–10, provides for **tolling** of certain general limitation periods until "one year from and after the termination" of one's minority." *Tafoya v. Doe,* 1983-NMCA-070, 100 N.M. 328, 331, 670 P.2d 582, 585 (Court of Appeals decision)(emphasis added).

## NEW YORK

N.Y. C.P.L.R. 208 (McKinney)

§208. Infancy, insanity

If a person entitled to commence an action is under a disability because of infancy or insanity at the time the cause of action accrues, and the time otherwise limited for commencing the action is three years or more and expires no later than three years after the disability ceases, or the person under the disability dies, the time within which the action must be commenced shall be extended to three years after the disability ceases or the person under the disability dies, whichever event first occurs; if the time otherwise limited is less than three years, the time shall be extended by the period of disability. The time within which the action must be commenced shall not be extended by this provision beyond ten years after the cause of action accrues, except, in any action other than for medical, dental or podiatric malpractice, where the person was under a disability due to infancy. This section shall not apply to an action to recover a penalty or forfeiture, or against a sheriff or other officer for an escape.

The Court of Appeals of New York has held "that CPLR 208 **toll**s a Statute of Limitations for the period of infancy, and the **toll** is not terminated by the acts of a guardian or legal

representative in taking steps to pursue the infant's claim." *Henry ex rel. Henry v. City of New York*, 94 N.Y.2d 275, 278, 724 N.E.2d 372, 373 (1999)(emphasis added).

## NORTH CAROLINA

N.C. Gen. Stat. Ann. §1-17 (West)

§1-17. Disabilities

(a) A person entitled to commence an action who is under a disability at the time the cause of action accrued may bring his or her action within the time limited in this Subchapter, after the disability is removed, except in an action for the recovery of real property, or to make an entry or defense founded on the title to real property, or to rents and services out of the real property, when the person must commence his or her action, or make the entry, within three years next after the removal of the disability, and at no time thereafter.

For the purpose of this section, a person is under a disability if the person meets one or more of the following conditions:

(1) The person is within the age of 18 years.

(2) The person is insane.

(3) The person is incompetent as defined in G.S. 35A-1101(7) or (8).

(a1) For those persons under a disability on January 1, 1976, as a result of being imprisoned on a criminal charge, or in execution under sentence for a criminal offense, the statute of limitations shall commence to run and no longer be **tolled** from January 1, 1976.

(b) Notwithstanding the provisions of subsection (a) of this section, and except as otherwise provided in subsection (c) of this section, an action on behalf of a minor for malpractice arising out of the performance of or failure to perform professional services shall be commenced within the limitations of time specified in G.S. 1-15(c), except that if those time limitations expire before the minor attains the full age of 19 years, the action may be brought before the minor attains the full age of 19 years.

(c) Notwithstanding the provisions of subsection (a) and (b) of this section, an action on behalf of a minor for injuries alleged to have resulted from malpractice arising out of a health care provider's performance of or failure to perform professional services shall be commenced within the limitations of time specified in G.S. 1-15(c), except as follows:

(1) If the time limitations specified in G.S. 1-15(c) expire before the minor attains the full age of 10 years, the action may be brought any time before the minor attains the full age of 10 years.

(2) If the time limitations in G.S. 1-15(c) have expired and before a minor reaches the full age of 18 years a court has entered judgment or consent order under the provisions of Chapter 7B of the General Statutes finding that said minor is an abused or neglected juvenile as defined in G.S. 7B-101, the medical malpractice

action shall be commenced within three years from the date of such judgment or consent order, or before the minor attains the full age of 10 years, whichever is later.

(3) If the time limitations in G.S. 1-15(c) have expired and a minor is in legal custody of the State, a county, or an approved child placing agency as defined in G.S. 131D-10.2, the medical malpractice action shall be commenced within one year after the minor is no longer in such legal custody, or before the minor attains the full age of 10 years, whichever is later.

The North Carolina Court of Appeals has held that "[t]hus, we conclude that [Plaintiff's] claims against [Defendant] are not time barred because of the **tolling** of the statute of limitation and statute of repose pursuant to **G.S. §1–17**, and summary judgment for [Defendant] was improper as to the claims of [Plaintiff]." *Bryant v. Adams*, 116 N.C. App. 448, 463, 448 S.E.2d 832, 840 (1994)(emphasis added).

## NORTH DAKOTA

N.D. Cent. Code Ann. §28-01-25 (West)

§28-01-25. Disabilities extend limitations on actions generally--Exceptions

If a person who is entitled to bring an action other than for the recovery of real property, or for a penalty or forfeiture, or against a sheriff or other officer for an escape is:

1. Under the age of eighteen years;

2. Insane; or

3. Imprisoned on a criminal charge or in execution under the sentence of a criminal court for a term less than for life,

at the time the claim for relief accrues, the time of such disability is not a part of the time limited for the commencement of the action. However, the period within which the action must be brought cannot be extended more than five years by any such disability except infancy, nor can it be extended in any case longer than one year after the disability ceases. In cases alleging professional malpractice, the extension of the limitation due to infancy is limited to twelve years.

The Supreme Court of North Dakota has characterized the above referenced statute in stating that "[t]his Court has not applied the disability **tolling** provisions of **N.D.C.C. §28–01–25** to a nonclaim statute." *Olson v. Estate of Rustad*, 2013 ND 83, 831 N.W.2d 369, 379 (emphasis added).

## OHIO

Ohio Rev. Code Ann. §2305.16 (West) (emphasis added).

2305.16 Disabilities; **tolling** of statute of limitations

Unless otherwise provided in sections 1302.98, 1304.35, and 2305.04 to

2305.14 of the Revised Code, if a person entitled to bring any action mentioned in those sections, unless for penalty or forfeiture, is, at the time the cause of action accrues, within the age of minority or of unsound mind, the person may bring it within the respective times limited by those sections, after the disability is removed. When the interests of two or more parties are joint and inseparable, the disability of one shall inure to the benefit of all.

After the cause of action accrues, if the person entitled to bring the action becomes of unsound mind and is adjudicated as such by a court of competent jurisdiction or is confined in an institution or hospital under a diagnosed condition or disease which renders the person of unsound mind, the time during which the person is of unsound mind and so adjudicated or so confined shall not be computed as any part of the period within which the action must be brought.

## OKLAHOMA

Okla. Stat. Ann. Title. 12, §96 (West)

§96. Persons under disability in actions other than to recover realty--Exceptions--Personal injury to minor arising from medical malpractice

If a person entitled to bring an action other than for the recovery of real property, except for a penalty or forfeiture, be, at the time the cause of action accrued, under any legal disability, every such person shall be entitled to bring such action within one (1) year after such disability shall be removed, except that, after the effective date of this section, an action for personal injury to a minor under the age of twelve (12) arising from medical malpractice must be brought by the minor's parent or guardian within seven (7) years of infliction of the injury, provided a minor twelve (12) years of age and older must bring such action within one (1) year after attaining majority, but in no event less than two (2) years from the date of infliction of the injury, and an action for personal injury arising from medical malpractice to a person adjudged incompetent must be brought by the incompetent person's guardian within seven (7) years of infliction of the injury, provided an incompetent who has been adjudged competent must bring such action within one (1) year after the adjudication of such competency, but in no event less than two (2) years from the date of infliction of the injury.

The Supreme Court of Oklahoma has held that "[w]e conclude that the Legislature intended §96 to **toll** the two year statute of limitations provided by §95(3) and that a minor is entitled to institute an action for personal injuries anytime before he/she reaches majority plus one year." *Hamilton By & Through Hamilton v. Vaden*, 1986 OK 36, 721 P.2d 412, 419 (emphasis added).

## OREGON

Or. Rev. Stat. Ann. §12.160 (West)(emphasis added).

12.160. Persons under disability

(1) Subject to subsection (2) of this section, if a person is entitled to bring an action that is subject to the statutes of limitation prescribed by ORS 12.010 to 12.050, 12.070 to 12.250 or 12.276, and at the time the cause of action accrues the

23

person is a child who is younger than 18 years of age, the statute of limitation for commencing the action is **tolled** for so long as the person is younger than 18 years of age.

(2) The time for commencing an action may not be extended under subsection (1) of this section for more than five years, or for more than one year after the person attains 18 years of age, whichever occurs first.

(3) Subject to subsection (4) of this section, if a person is entitled to bring an action that is subject to the statutes of limitation prescribed by ORS 12.010 to 12.050, 12.070 to 12.250 or 12.276, and at the time the cause of action accrues the person is insane, the statute of limitation for commencing the action is **tolled** for so long as the person is insane.

(4) The time for commencing an action may not be extended under subsection (3) of this section for more than five years, or for more than one year after the person is no longer insane, whichever occurs first.

(5) If a child's cause of action is **tolled** under subsection (1) of this section, a cause of action for recovery of damages for medical expenses incurred by a parent, guardian or conservator of the child is **tolled** for the same period of time as the child's cause of action if the medical expenses resulted from the same wrongful conduct that is the basis of the child's cause of action.

## PENNSYLVANIA

42 Pa. Cons. Stat. Ann. §5533 (West)

§5533. Infancy, insanity or imprisonment

**(a) General rule.**--Except as otherwise provided by statute, insanity or imprisonment does not extend the time limited by this subchapter for the commencement of a matter.

**(b) Infancy.--**

(1) (i) If an individual entitled to bring a civil action is an unemancipated minor at the time the cause of action accrues, the period of minority shall not be deemed a portion of the time period within which the action must be commenced. Such person shall have the same time for commencing an action after attaining majority as is allowed to others by the provisions of this subchapter.

(ii) As used in this paragraph, the term "minor" shall mean any individual who has not yet attained 18 years of age.

(2) (i) If an individual entitled to bring a civil action arising from childhood sexual abuse is under 18 years of age at the time the cause of action accrues, the individual shall have a period of 12 years after attaining 18 years of age in which to commence an action for damages regardless of whether the individual files a criminal complaint regarding the childhood sexual abuse.

(ii) For the purposes of this paragraph, the term "childhood sexual abuse" shall include, but not be limited to, the following sexual activities between a minor and an adult, provided that the individual bringing the civil action engaged in such activities as a result of forcible compulsion or by threat of forcible compulsion which would prevent resistance by a person of reasonable resolution:

(A) sexual intercourse, which includes penetration, however slight, of any body part or object into the sex organ of another;

(B) deviate sexual intercourse, which includes sexual intercourse per os or per anus; and

(C) indecent contact, which includes any touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire in either person.

(iii) For purposes of this paragraph, "forcible compulsion" shall have the meaning given to it in 18 Pa.C.S. §3101 (relating to definitions).

See *Fancsali ex rel. Fancsali v. Univ. Health Ctr. of Pittsburgh*, 563 Pa. 439, 449, 761 A.2d 1159, 1164 (2000) in which the Supreme Court of Pennsylvania characterized §5533(b) as a the "Minority Tolling Statute."

## RHODE ISLAND

R.I. Gen. Laws Ann. §9-1-19 (West)

§9-1-19. Disability postponing running of statute

If any person at the time any such cause of action shall accrue to him or her shall be under the age of eighteen (18) years, or of unsound mind, or beyond the limits of the United States, the person may bring the cause of action, within the time limited under this chapter, after the impediment is removed.

The Supreme Court of Rhode Island has noted that in prior decisions "this Court determined that §9-1-19 **tolled** the three-year statute of limitations set out in §9-1-25 for claims against the state." *Rachal v. O'Neil*, 925 A.2d 920, 927 (R.I. 2007)(emphasis added).

## SOUTH DAKOTA

S.D. Codified Laws §15-2-22 (emphasis added).

15-2-22. **Tolling** of statute during disability--Maximum period of extension--Actions excepted

If a person entitled to bring an action other than for the recovery of real property, except for a penalty or forfeiture, or against a sheriff or other officer for an escape, was at the time the cause of action accrued, either:

(1) Within the age of minority as defined in chapter 26-1; or

(2) Mentally ill;

the time of the person's disability is not a part of the time limited for the commencement of the action.

The period within which the action shall be brought cannot be extended more than five years by any disability except infancy, nor can it be extended in any case longer than one year after the disability ceases.

The provisions of this section do not apply to actions for the foreclosure of any real estate mortgage, either by action or by advertisement.

**TENNESSEE**

Tenn. Code Ann. §28-1-106 (West)

§28-1-106. Incapacity

If the person entitled to commence an action is, at the time the cause of action accrued, either under eighteen (18) years of age, or adjudicated incompetent, such person, or such person's representatives and privies, as the case may be, may commence the action, after legal rights are restored, within the time of limitation for the particular cause of action, unless it exceeds three (3) years, and in that case within three (3) years from restoration of legal rights.

The Supreme Court of Tennessee has noted "Tennessee Code Annotated section 28–1–106 (the "**Tolling** Statute") provides . . ." *Sullivan ex rel. Wrongful Death Beneficiaries Of Sullivan v. Chattanooga Med. Investors, LP*, 221 S.W.3d 506, 509 (Tenn. 2007)(emphasis added).

**TEXAS**

Tex. Civ. Prac. & Rem. Code Ann. §16.001 (West)

§16.001. Effect of Disability

(a) For the purposes of this subchapter, a person is under a legal disability if the person is:

(1) younger than 18 years of age, regardless of whether the person is married; or

(2) of unsound mind.

(b) If a person entitled to bring a personal action is under a legal disability when the cause of action accrues, the time of the disability is not included in a limitations period.

(c) A person may not tack one legal disability to another to extend a limitations period.

(d) A disability that arises after a limitations period starts does not suspend the

26

running of the period.

The Supreme Court of Texas has stated that "Texas courts have had only limited opportunities to consider the effect of the **tolling** provision now codified as section 16.001." *Ruiz v. Conoco, Inc.*, 868 S.W.2d 752, 755 (Tex. 1993)(emphasis added).

## UTAH

Utah Code Ann. §78B-2-108 (West)

§78B-2-108. Effect of disability--Minority or mental incompetence

A person may not bring an action while under the age of majority or mentally incompetent without a legal guardian. During the time the person is underage or incompetent, the statute of limitations for a cause of action other than for the recovery of real property may not run.

Utah Code Ann. §78-12-36 (West)

§78-12-36. Renumbered as §78B-2-108 by Laws 2008, c. 3, §629, eff. Feb. 7, 2008.

The Supreme Court of Utah has held that "[b]oth statutes at issue contain **tolling** provisions that operate to **toll** the statutory period during times of, inter alia, 'mental incompetency' . . . [t]he first of these, section **78–12–36** of the Code, is a general disability provision applicable to all statutes of limitation . . .  [t]he **tolling** provisions in both statutes operate similarly so that if [Plaintiff] qualifies for a disability extension under one, he also qualifies under the other." *O'Neal v. Div. of Family Servs., State of Utah*, 821 P.2d 1139, 1141 (Utah 1991) (Supreme Court)(emphasis                                                                                                                        added).

## VERMONT

Vt. Stat. Ann. Title 12, §551 (West)

§551. Minority, insanity or imprisonment

(a) When a person entitled to bring an action specified in this chapter is a minor, insane or imprisoned at the time the cause of action accrues, such person may bring such action within the times in this chapter respectively limited, after the disability is removed.

(b) If a person entitled to bring an action specified in this chapter becomes insane after the cause of action accrues but before the statute has run, the time during which the person is insane shall not be taken as a part of the time limited for the commencement of the action.

**RECENTLY AMENDED** by  No. 96 S. 27, An act relating to respectful language in the Vermont Statutes Annotated

The Supreme Court of Vermont has held that "[w]e agree with the trial court that the **tolling**

provision, 12 V.S.A. §551, requires more than a mental impairment affecting solely the lawsuit in issue." *Goode v. State*, , 553 A.2d 142 (1988)(emphasis added).

## VIRGINIA

Va. Code Ann. §8.01-229 (excerpted) (emphasis added).

§8.01-229. Suspension or **tolling** of statute of limitations; effect of disabilities; death; injunction; prevention of service by defendant; dismissal, nonsuit or abatement; devise for payment of debts; new promises; debts proved in creditors' suits

a. Disabilities which **toll** the statute of limitations.--Except as otherwise specifically provided in §§8.01-237, 8.01-241, 8.01-242, 8.01-243, 8.01-243.1 and other provisions of this Code,

1. If a person entitled to bring any action is at the time the cause of action accrues an infant, except if such infant has been emancipated pursuant to Article 15 (§16.1-331 et seq.) of Chapter 11 of Title 16.1, or incapacitated, such person may bring it within the prescribed limitation period after such disability is removed; or

2. After a cause of action accrues,

a. If an infant becomes entitled to bring such action, the time during which he is within the age of minority shall not be counted as any part of the period within which the action must be brought except as to any such period during which the infant has been judicially declared emancipated; or

b. If a person entitled to bring such action becomes incapacitated, the time during which he is incapacitated shall not be computed as any part of the period within which the action must be brought, except where a conservator, guardian or committee is appointed for such person in which case an action may be commenced by such conservator, committee or guardian before the expiration of the applicable period of limitation or within one year after his qualification as such, whichever occurs later.

For the purposes of subdivisions 1 and 2 of this subsection, a person shall be deemed incapacitated if he is so adjudged by a court of competent jurisdiction, or if it shall otherwise appear to the court or jury determining the issue that such person is or was incapacitated within the prescribed limitation period.

[. . . ]

## WASHINGTON

Wash. Rev. Code Ann. §4.16.190 (West)(emphasis added).

4.16.190. Statute **tolled** by personal disability

(1) Unless otherwise provided in this section, if a person entitled to bring an action mentioned in this chapter, except for a penalty or forfeiture, or against a sheriff or other officer, for an escape, be at the time the cause of action accrued

28

either under the age of eighteen years, or incompetent or disabled to such a degree that he or she cannot understand the nature of the proceedings, such incompetency or disability as determined according to chapter 11.88 RCW, or imprisoned on a criminal charge prior to sentencing, the time of such disability shall not be a part of the time limited for the commencement of action.

(2) Subsection (1) of this section with respect to a person under the age of eighteen years does not apply to the time limited for the commencement of an action under RCW 4.16.350.

**HELD UNCONSTITUTIONAL ON EQUAL PROTECTION GROUDS BY:**

*Schroeder v. Weighall*, 179 Wash. 2d 566, 578-79, 316 P.3d 482, 488-89 (2014)(holding that exception to the tolling provision for medical malpractice actions was unconstitutional).

**WEST VIRGINIA**

W. Va. Code Ann. §55-2-15 (West)

§55-2-15. General saving as to persons under disability

If any person to whom the right accrues to bring any such personal action, suit or scire facias, or any such bill to repeal a grant, shall be, at the time the same accrues, an infant or insane, the same may be brought within the like number of years after his becoming of full age or sane that is allowed to a person having no such impediment to bring the same after the right accrues, or after such acknowledgment as is mentioned in section eight of this article, except that it shall in no case be brought after twenty years from the time when the right accrues.

The Supreme Court of West Virginia has held that "[t]he general purpose of W.Va.Code §55–2–15 (1923) is to **toll** the commencement of the running of the statute of limitations so that the legal rights of infants and the mentally ill may be protected."  Worley v. Beckley Mech., Inc., 220 W. Va. 633, 638, 648 S.E.2d 620, 625 (2007) (emphasis added).

**WISCONSIN**

**Wis. Stat. Ann. §893.16 (West)**

**893.16. Person under disability**

(1) If a person entitled to bring an action is, at the time the cause of action accrues, either under the age of 18 years, except for actions against health care providers; or mentally ill, the action may be commenced within 2 years after the disability ceases, except that where the disability is due to mental illness, the period of limitation prescribed in this chapter may not be extended for more than 5 years.

(2) Subsection (1) does not shorten a period of limitation otherwise prescribed.

(3) A disability does not exist, for the purposes of this section, unless it existed when the cause of action accrues.

(4) When 2 or more disabilities coexist at the time the cause of action accrues, the 2-year period specified in sub. (1) does not begin until they all are removed.

(5) This section applies only to statutes in this chapter limiting the time for commencement of an action or assertion of a defense or counterclaim except it does not apply to:

(a) Actions for the recovery of a penalty or forfeiture or against a sheriff or other officer for escape;

(b) Extend the time limited by s. 893.33, 893.41, 893.59, 893.62, 893.73 to 893.76, 893.77(3), 893.86 or 893.91 or subch. VIII for commencement of an action or assertion of a defense or counterclaim; or

(c) A cause of action which accrues prior to July 1, 1980.

The Supreme Court of Wisconsin has held that "Section 893.16(1) is a **tolling** statute that may extend a limitation period, including when the person entitled to bring an action is a child." Haferman v. St. Clare Healthcare Found., Inc., 286 Wis. 2d 621, 628, 707 N.W.2d 853, 857 (2005)(emphasis added).


**WYOMING**

**Wyo. Stat. Ann. §1-3-114 (West)**


**§1-3-114. Legal disabilities**

If a person entitled to bring any action except for an action arising from error or omission in the endering of licensed or certified professional or health care services or for a penalty or forfeiture, is, at the time the cause of action accrues, a minor or subject to any other legal disability, the person may bring the action within three (3) years after the disability is removed or within any other statutory period of limitation, whichever is greater.

The Supreme Court of Wyoming has characterized this statue in holding that "[Plaintiff] argues that other statutory **tolling** provisions, *i.e.,* the minor **tolling** provision found at Wyo. Stat. §1–3–114, should be applied to the wrongful death statute. Again, because we hold the limitation period is a condition precedent, and not a statute of limitation, we hold the minor **tolling** provision is not applicable to the wrongful death statute. Corkill v. Knowles, 955 P.2d 438, 443 (Wyo. 1998)(emphasis added).