# Exhibit 11



**LARRY K. GREEN, a/k/a Said Abdullah Hakim, Plaintiff - Appellant, v. THEODIS BECK; MICHAEL T. BELL; SANDRA F. THOMAS; PAUL TAYLOR; CORR OFFICER O'NEAL; GEORGE KENWORTHY, Superintendent, Defendants - Appellees.**

No. 12-7279

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

*539 Fed. Appx. 78*; *2013 U.S. App. LEXIS 17869*

**August 20, 2013, Submitted**
**August 27, 2013, Decided**

**NOTICE:** PLEASE REFER TO *FEDERAL RULES OF APPELLATE PROCEDURE RULE 32.1* GOVERNING THE CITATION TO UNPUBLISHED OPINIONS.

**PRIOR HISTORY:** [**1]

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. (5:10-ct-03003-D). James C. Dever, III, Chief District Judge.
*Green v. Beck, 2012 U.S. Dist. LEXIS 67514 (E.D.N.C., May 15, 2012)*

**DISPOSITION:** AFFIRMED IN PART; VACATED AND REMANDED IN PART.

**COUNSEL:** Larry Keith Green, Appellant, Pro se.

Oliver Gray Wheeler, OFFICE OF THE ATTORNEY GENERAL OF NORTH CAROLINA, Raleigh, North Carolina, for Appellees.

**JUDGES:** Before GREGORY, AGEE, and WYNN, Circuit Judges.

**OPINION**

[*79] PER CURIAM:

Larry Green appeals from the district court's orders granting Appellees' motions to dismiss in part and granting Appellee O'Neal's motion for summary judgment in Green's *42 U.S.C. § 1983 (2006)* suit. On appeal, Green pursues only his claims that (1) Appellees violated his *First Amendment* rights by failing to recognize his legal name (Said Abdullah Hakim), which had been changed for religious reasons, and by failing to issue him an ID card in that name, and (2) Appellees retaliated against him for filing grievances regarding these actions. Addressing primarily the claims against Michael Bell, Administrator of Pender Correction Institution; Sandra Thomas, Superintendent of Lumberton Correctional Institution; and Paul Taylor, Assistant Superintendent of Lumberton, we affirm in part [**2] and vacate in part for the reasons discussed below.

A complaint should not be dismissed for failure to state a claim unless, "after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)*. Although a pro se litigant's pleadings must be liberally construed, *Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007)*, the complaint must contain sufficient facts "to raise a right to relief above the speculative level" and

"to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)*.

It generally impinges upon a prisoner's constitutional rights for prison officials to condition an inmate's receipt of prison services upon the forfeiture of a religious right. *Ali v. Dixon, 912 F.2d 86, 90 (4th Cir. 1990)*. "[T]he *first amendment* protects an inmate's right to legal recognition of an adopted religious name." *Barrett v. Virginia, 689 F.2d 498, 503 (4th Cir. 1982)*. As a **[**3]** result, an inmate's *First Amendment* free exercise rights are violated if he is "forced to acknowledge his religiously offensive name" as a precondition of receiving benefits or services to which he is entitled. *Ali, 912 F.2d at 90*.

The *First Amendment* protects religious free exercise itself, such that it is generally improper for a state actor to force a person to "'choose between following the precepts of [his] religion and forfeiting [governmental] benefits, on the one hand, and abandoning one of the precepts of [his] religion on the other hand.'" *Lovelace v. Lee, 472 F.3d 174, 187 (4th Cir. 2006)* (quoting *Sherbert v. Verner, 374 U.S. 398, 404, 83 S. Ct. 1790, 10 L. Ed. 2d 965 (1963)*) (ellipsis omitted). *First Amendment* injury therefore occurs whenever an inmate is compelled to forfeit his free exercise rights, not simply whenever some further harm befalls him as a result of his **[*80]** forfeiture. An inmate does not need to demonstrate that some additional harm befell him subsequent to being forced to acknowledge a religiously-offensive name; the fact that he was forced to acknowledge that name is itself the injury that is relevant to the *First Amendment* claim. See *Ali, 912 F.2d at 90*. To succeed on a claim of retaliation, **[**4]** the prisoner must allege "that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." See *Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994)*.

The district court dismissed Defendants Bell, Thomas, and Taylor, finding that Green failed to "plausibly allege[] a claim for supervisory liability." Specifically, the court found that, at most, these Defendants failed to investigate grievances which is insufficient to state a constitutional claim. A supervisor can only be held liable for the failings of a subordinate under certain narrow circumstances. See *Love-Lane v. Martin, 355 F.3d 766, 782-83 (4th Cir. 2004)* (no respondeat superior liability under *§ 1983*); *Baynard v. Malone, 268 F.3d 228, 235 (4th Cir. 2001)*. Specifically, a plaintiff cannot maintain a claim against a supervisor unless the plaintiff alleges "that the supervisor had actual or constructive knowledge that his subordinate[s were] engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury" to plaintiff, "the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization **[**5]** of the alleged offensive practices," and "there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." *Randall v. Prince George's County, Md., 302 F.3d 188, 206 (4th Cir. 2002)* (internal quotation marks omitted).

In his amended complaint, Green averred that he mailed Thomas (the Superintendent of Lumberton) a letter, with supporting documentation, requesting that his ID be changed to reflect his legal name. Thomas ignored the letter and then, together with Bell and Taylor, engaged in retaliation against Green. Bell personally altered medical records and restrictions resulting in a rapid decline in Green's health and a retaliatory transfer. In addition, the Defendants ordered subordinates throughout the prison to take various actions against Green.

As an initial matter, we find that the district court erred in analyzing the issue as one strictly of supervisory liability. Green clearly alleged personal actions and inactions on the part of these Appellees, as well as their subordinates. As such, the district court should also have addressed the issue of whether Green properly stated a constitutional claim that **[**6]** these Appellees violated his *First Amendment* rights and/or retaliated against him.

According to Appellees, Green's name has not been changed because he did not go through proper channels. Appellees did not dispute that Green had a constitutional right to have his legal name on his ID, but they averred instead that Green should have applied to the Warden or the facility head and provided supporting documentation. However, this is precisely what Green alleged that he did. In his amended complaint, he stated that he made such a request, and the actual letter to Thomas was filed in Green's (untimely) response to summary judgment.

Accordingly, Green averred (and eventually provided documentary proof) that, after filing numerous grievances regarding the prison's failure to recognize his legal name, he was informed that the prison's procedure

required him to petition the facility head (Thomas). Green claims that **[*81]** when he did so, however, Thomas ignored him and then organized Taylor and Bell to retaliate against him. On the basis of these allegations, we conclude that Green's amended complaint states a claim against Thomas that she violated Green's *First Amendment* rights by maliciously refusing **[**7]** to process his properly supported request for a name change.

Regarding Thomas, Taylor, and Bell's alleged retaliation, the district court did not err in finding that Green failed to state a claim with regard to these allegations. Green did allege that these Appellees worked together to transfer him and improperly charge him with infractions in retaliation for Green's attempt to have his legal name recognized. However, the only personal actions alleged regarding retaliation by these Appellees was that Bell altered medical records in an attempt to have Green transferred. Besides this action, Green conclusorily alleges that Thomas, Taylor, and Bell used subordinates to effectuate the retaliation and to harm Green's health although he provided no specifics. While Green averred that he was given the wrong medication, he noted that it could have been a "mistake." Green alleged no statements by Defendants or other evidence purporting to show that these Defendants were acting together and directing others to act in retaliation for his request of a name change. Thus, we find that his allegations of retaliation are speculative and insufficient to state a claim, and we therefore affirm the district **[**8]** court's dismissal of Green's retaliation claims.

With regard to the remaining Appellees, we affirm the district court's orders for the reasons stated by the district court. *Green v. Beck, No. 5:10-ct-03003-D (E.D.N.C. Feb. 14 & Oct. 31, 2011*; *May 15, 2012)*. Based on the foregoing, we vacate the district court's dismissal of Green's claim that Thomas violated his *First Amendment* rights and remand for further proceedings on this claim. We affirm the remainder of the district court's orders. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART; VACATED AND REMANDED IN PART