# Exhibit 12



**LARRY COLEMAN, Plaintiff - Appellant, v. SUP. CHARLES I. POFF, JR.; JOHN DOE, (1); SGT. THOMAS; CONMED HEALTH SERVICE; JOHN DOE, (2); JANE DOE, (3), Defendants - Appellees.**

No. 12-7220

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

*497 Fed. Appx. 337*; *2012 U.S. App. LEXIS 24510*

**November 13, 2012, Submitted
November 27, 2012, Decided**

**NOTICE:**   PLEASE REFER TO *FEDERAL RULES OF APPELLATE PROCEDURE RULE 32.1* GOVERNING THE CITATION TO UNPUBLISHED OPINIONS.

**PRIOR HISTORY: [\*\*1]**

   Appeal from the United States District Court for the Western District of Virginia, at Roanoke. (7:12-cv-00156-GEC-RSB). Glen E. Conrad, Chief District Judge.
*Coleman v. Poff, 2012 U.S. Dist. LEXIS 86574 (W.D. Va., June 21, 2012)*

**DISPOSITION:**   AFFIRMED.

**COUNSEL:** Larry Coleman, Appellant, Pro se.

**JUDGES:** Before KING, GREGORY, and THACKER, Circuit Judges.

**OPINION**

   **[\*338]** PER CURIAM:

   Larry Coleman filed an in forma pauperis action under *42 U.S.C. § 1983 (2006)*, alleging deliberate indifference to the conditions of his confinement and to his serious medical needs. The district court dismissed the action for failure to state a claim, pursuant to *28 U.S.C. § 1915(e)(2)(B) (2006)*. Coleman appeals. Finding no error, we affirm.

   We review de novo a district court's dismissal for failure to state a claim. *Slade v. Hampton Roads Reg'l Jail, 407 F.3d 243, 248 (4th Cir. 2005)*. A complaint should not be dismissed for failure to state a claim unless, "after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." Id. (internal quotation marks omitted). While pro se pleadings must be construed liberally,  **[\*\*2]** *Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007)*, the complaint must contain sufficient facts "to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)*.

   The *Eighth Amendment's* prohibition against cruel and unusual punishment "protects inmates from inhumane treatment and conditions while imprisoned." *Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996)*. To establish that an inmate has suffered cruel and unusual punishment based on his conditions of confinement, he must "produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions," *Shakka v. Smith, 71 F.3d 162,*

166 (4th Cir. 1995) (internal quotation marks and citations omitted), and establish that prison officials acted with "a sufficiently culpable state of mind," that is, deliberate indifference to the inmate's health and safety. *Farmer v. Brennan, 511 U.S. 825, 837, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994)* (internal quotation marks omitted). A prison official "is deliberately indifferent to a substantial risk of harm to a [prisoner] when that [official] knows of and disregards the risk." *Parrish ex rel. Lee v. Cleveland, 372 F.3d 294, 302 (4th Cir. 2004)* [**3] (internal quotation marks omitted). Negligence is inadequate; rather, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer, 511 U.S. at 837*.

[*339] To establish an *Eighth Amendment* claim for inadequate medical care by prison personnel, the inmate must demonstrate that he suffers from a serious medical need and that prison officials acted with deliberate indifference to that need. See *Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008)*. To be deliberately indifferent, the official must have "actual knowledge of the risk of harm to the inmate" and also "must have actually known that their response was inadequate to address those needs." *Id. at 241-42* (emphasis omitted). Thus, negligence or medical malpractice is insufficient to establish deliberate indifference; rather, the treating official must entirely fail to consider the inmate's medical complaints or intentionally delay or deny access to adequate medical care. *Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)*; *Sosebee v. Murphy, 797 F.2d 179, 181 (4th Cir. 1986)*. Mere disagreement with the course of treatment provided by treating [**4] officials also falls short of a valid claim. *Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975)*.

A plaintiff cannot maintain a claim against a supervisor under *§ 1983* unless he alleges

(1) that the supervisor had actual or constructive knowledge that his subordinate[s were] engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to . . . plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) that there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994)* (internal quotation marks omitted).

Our review of the record indicates that Coleman failed to allege sufficient facts to state a cognizable *Eighth Amendment* claim. Specifically, while his allegations supported the conclusion that his bunk assignment posed some risk to Coleman, he failed to adequately allege that the Defendants had actual knowledge of a serious medical need or substantial risk of serious harm to Coleman. Nor did Coleman plausibly [**5] allege actual or constructive knowledge by Defendants Poff and Conmed Health Service of misconduct by their subordinates, as necessary to support supervisory liability under *§ 1983*.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED