**UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| James Doe,                              ) | |
|                                                    ) | C.A. No.: 2: 13-cv-03446-RMG |
|           Plaintiff,                       ) | |
|                                                    ) | |
| v.                                            ) | |
|                                                    ) | **DEFENDANT JENNIFER GARROTT'S** |
|                                                    ) | **REPLY TO PLAINTIFF'S RESPONSE** |
| Michael Arpaio, The Citadel, Colonel  ) | **TO MOTION TO DISMISS** |
| John G. Lackey, III, Major William Bates, ) | |
| III, Jennifer Garrott, and Robert J. Lyon, ) | |
|                                                    ) | |
|           Defendants.                  ) | |
|                                                    ) | |

**REPLY**

### I.     Plaintiff's Claim Is Barred by the Statute of Limitations

Garrott adopts and incorporates by reference the arguments contained in those Motions, Memorandums of Law, and Replies filed by each of the other Defendants in regard to the application of the statute of limitations to Plaintiff's § 1983 claim.[1] Garrott, correspondingly and like the other Defendants, asserts that Plaintiff's § 1983 claim is barred by the statute of limitations. Garrott, further, incorporates by reference the arguments contained in Defendants Bates' and Lackey's Reply contending that the statute of limitations is not tolled by the doctrine of fraudulent concealment because there is an absence of a continuing relationship between Plaintiff and Defendants.[2]

---

[1] ECF Docs 5-1, 19-1, 20-1, 32, 44, and 61.

[2] ECF Doc. 61.

1

### II. Plaintiff's Claim Is Barred Because 42 U.S.C. § 1983 Does Not Allow for "Supervisory Liability"

Garrott adopts and incorporates by reference the arguments contained in those Motions, Memorandums of Law, and Replies filed by Defendants Lyon, Bates, and Lackey and, like each of them, asserts that Plaintiff's claim made pursuant to 42 U.S.C. § 1983 is barred because § 1983 does not allow recovery under a theory of "supervisory liability."[3] Garrott, further and correspondingly, incorporates by reference the arguments contained in Defendants Bates' and Lackey's Reply contending that even if "supervisory liability" is allowed under 42 U.S.C. § 1983, Plaintiff's claim fails because Plaintiff was never in Defendants' "custody."[4]

### III. Plaintiff's Claim Is Barred Because Garrott is Entitled to Qualified Immunity

Garrott adopts and incorporates by reference the arguments contained in the Motions, Memorandum of Law, and Replies filed by Defendants Lyon, Bates, and Lackey in regard to qualified immunity as to Plaintiff's § 1983 claim.[5] Garrott, correspondingly and like the other individual Defendants, asserts that she is entitled to qualified immunity as to Plaintiff's § 1983 claim.

## CONCLUSION

For all of the noted reasons, Garrott requests that the Court dismiss Plaintiff's claim as to her.

---

[3] ECF Docs 19-1, 20-1, 44, and 61.

[4] ECF Doc. 61.

[5] ECF Docs 19-1, 20-1, 44, and 61.

Respectfully submitted,


s/ Bob J. Conley
Caroline Wrenn Cleveland (Fed ID #5478)
Bob J. Conley (Fed ID #6791)
Joshua D. Cagle (Fed ID #11339)
CLEVELAND & CONLEY, L.L.C.
One Seventy One Church Street, Suite 310
Charleston, South Carolina 29401
(843) 577-9626 (Phone)
ccleveland@clevelandlaborlaw.com
bconley@clevelandlaborlaw.com
jcagle@clevelandlaborlaw.com

ATTORNEYS FOR DEFENDANT
JENNIFER GARROTT

Charleston, South Carolina
May 29, 2014

3