# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| JAMES DOE, | ) |
| | ) |
| Plaintiff, | ) Civil Action No.: 2:13-cv-3446-RMG |
| | ) |
| vs. | ) |
| | ) |
| MICHAEL ARPAIO, THE CITADEL, | ) |
| COLONEL JOHN G. LACKEY, III, | ) |
| MAJOR WILLIAM BATES, III, | ) |
| JENNIFER GARROTT, and ROBERT J. | ) |
| LYON | ) |
| | ) |
| Defendants. | ) |

AND NOW COMES Defendant The Citadel, by and through its undersigned counsel, and files this Memorandum in Opposition to Motion to Appoint Guardian *Ad Litem* for Incarcerated/Absent Defendant:

## **INTRODUCTION**

In the instant Motion, Plaintiff asks that Court to appoint a guardian *ad litem* for Defendant Michael Arpaio ("Arpaio"), who was allegedly served with process on March 14, 2014 and who had not yet entered an appearance in this lawsuit. Plaintiff alleges that Arpaio sexually abused him while he attended The Citadel's summer camp in 2000. Plaintiff alleges that Arpaio was acting as an employee or volunteer of The Citadel's summer camp at the time of the abuse. Plaintiff avers that on October 11, 2012, Defendant Arpaio pled guilty to federal charges of carjacking, and aiding and abetting in Puerto Rico and is currently incarcerated in the United States Federal Bureau of Prisons. (*See* Docket Entry # 13 ¶ 31).

The Citadel will leave to the South Carolina Insurance Reserve Fund to address its coverage position. Michael Arpaio is not a "named insured" on the Tort Liability Policy issued by the Insurance Reserve Fund, however, and his alleged status as an "insured" will undoubtedly be contested given apparent case law concluding that the Tort Liability Policy issued by the

1

Insurance Reserve Fund does not cover sexual misconduct committed by an employee of a governmental entity. *See generally Doe v. S.C. Budget and Control Board*, 337 S.C. 294, 523 S.E.2d 457 (1999); *Doe v. S.C. Budget and Control Board*, 329 S.C. 214, 494 S.E.2d 469 (Ct. App. 1997); *Loadholt v. South Carolina State Budget & Control Board*, 339 S.C. 165, 528 S.E.2d 670 (Ct. App. 2000); *Padgett v. South Carolina Insurance Reserve Fund*, 340 S.C. 250, 531 S.E.2d 305 (Ct. App. 2000).

For the reasons that follow, this Court should deny Plaintiff's motion to appoint a guardian *ad litem* under Federal Rule of Civil Procedure 17(c)(2).

## ARGUMENTS

The Federal Rules of Civil Procedure provide for the appointment of a guardian *ad litem* in certain limited circumstances:

> A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem — or issue another appropriate order — to protect a minor or incompetent person who is unrepresented in an action.

*See* Fed. R. Civ. P. 17(c)(2). Plaintiff suggests that, under this Rule, the Court should appoint a guardian *ad litem* for Arpaio as an unrepresented "incompetent" (or at least possibly incompetent) person.

Defendant The Citadel respectfully posits that the Federal Rules do not permit Plaintiff the right to seek to have a guardian *ad litem* appointed *for a defendant.* To the contrary, if Arpaio wishes to have a guardian appointed, he should request it (assuming *arguendo* that he has been properly served). Plaintiff has cited to no federal law granting *him* the right to seek to have a guardian appointed for a defendant. At this time, Arpaio himself has not requested either the appointment of a guardian *ad litem* or other manner to access the Court to defend himself. In the absence of such a request, Plaintiff is not empowered to make that request for Arpaio.

Moreover, Plaintiff cites no authority that would suggest that an incarcerated person is, as a matter of law, an incompetent person for whom a guardian must be appointed. To the contrary, as this Court is aware, prisoners regularly appear in federal courts as parties in lawsuits without

the appointment of a guardian. The mere fact that a party is incarcerated does not render them "incompetent" so as to support the appointment of a guardian. Plaintiff's invitation would open the doors to a burdensome requirement that a guardian be appointed in each and every case.

Plaintiff cites *Siers v. Greiner*, 1993 WL 3475 (4th Cir. Jan. 11, 1993), which — contrary to Plaintiff's citation to the Federal Reporter — is twenty year old *unpublished* Fourth Circuit decision. In *Siers*, Darwin Siers sued sheriffs and deputies under Section 1983 and was awarded $15,000.00 in damages. Siers' former spouse then moved to intervene in that case to enforce judgments against him (apparently from unrelated cases). Then *Siers himself* moved for the appointment of a guardian *ad litem*, and the district court denied that motion. On appeal, the Court held that West Virginia law expressly required that, unless the prisoner waived that right, an incarcerated person is *not amenable to suit* without the appointment of a guardian to represent his rights. Under West Virginia law, "unless a prisoner expressly waives that right, *suit cannot be maintained against him or her*." *See id.*, 1993 WL 3475, at *1 (emphasis added). Because this state law effectively rendered an incarcerated person incompetent to be sued without a guardian, the Fourth Circuit held that Siers did not have the capacity to be sued in the absence of a guardian and remanded the case for appointment of a guardian. *Siers* is plainly distinguishable from this case in two controlling respects. First, Arpaio (the supposed incompetent) is not the one moving for a guardian. Second, there is no state law that requires appointment of a guardian *ad litem* as a condition precedent to capacity to be sued.

Plaintiff also cites *Gossett v. Gilliam*, 317 S.C. 82, 452 S.E.2d 6 (Ct. App. 1994). In that case, an incarcerated person was found in default in a forfeiture action. The prisoner-defendant argued that the default was improper because, as an incarcerated civil defendant, he was entitled either to have a guardian *ad litem* appointed or to personally appear at trial to testify. Again, that case is distinguishable, in that it involves a request *by the defendant prisoner* to have a guardian appointed.

Far from granting plaintiffs a right to seek appointment of a guardian *ad litem*, South Carolina's version of Rule 17(c) makes the appointment of a guardian something that a prisoner

3

is free to waive. Moreover, under South Carolina law a prisoner defendant is not automatically "incompetent" so as to require the appointment of a guardian *ad litem.* As a result, Plaintiff's motion is not well-founded under South Carolina law.

As the South Carolina Court of Appeals has held, contrary to Plaintiff's suggestion that he may seek the appointment of a guardian for Arpaio, Arpaio is free to waive that right and to decide not to seek a guardian:

> The wife asserts the family court erred in failing to appoint a guardian ad litem to represent her interests in the divorce and child custody proceeding. We disagree.
>
> Rule 17 (c), SCRCP provides, in pertinent part, as follows:
>
>> A person imprisoned outside this State shall appear by guardian ad litem in an action by or against him; but if imprisoned in this State, and not a minor or incompetent, the court may, in its discretion appoint a guardian ad litem or order him to be brought personally to the trial to testify in accordance with Rule 43(a).
>
> While the language of Rule 17(c) does not expressly so provide, it is clear from applicable case law that the right to appearance by guardian ad litem is not absolute. Our Supreme Court has noted:
>
>> Unlike an infant or insane person, *a prison inmate is not legally incompetent to transact business*. The basis for the appointment of a guardian ad litem for a prison inmate is *not mental deficiency, but the physical restraint of imprisonment. Since this is true, an inmate may waive the appointment of a guardian ad litem. Green v. Boney*, 233 S.C. 49, 103 S.E.2d 732; *Cobb v. Garlington*, 100 S.C. 51, 84 S.E. 302.
>
> *In the Matter of Bishop*, 272 S.C. 306, 309, 251 S.E.2d 748, 750 (1979).

*McCuen v. McCuen*, 348 S.C. 179, 182, 558 S.E.2d 926, 928 (Ct. App. 2002) (emphasis added).

The South Carolina Supreme Court later held that:

> We emphasize *neither Rule 17, SCRCP, nor Rule 608, SCACR, require the automatic appointment of GALs for incarcerated persons*. Rather, the trial court is to exercise its discretion in making these appointment decisions. Ordinarily, the inmate should be brought before the court prior to the appointment decision in order for the court to adjudicate the inmate's indigency status, and to allow the trial judge to assess the particular inmate's needs on an individual basis. If no GAL is appointed, then arrangements must be made to ensure the inmate's

4

> presence at the trial on the merits. Rule 17(c), SCRCP; *Gossett v. Gilliam, supra*. Further, it does not follow automatically from the conclusion that a GAL should be appointed that the appointment should be made from among the members of the Bar. There may well be a friend or family member of the inmate who can assist in the defense of the forfeiture suit.

*See Ex Parte Foster*, 350 S.C. 238, 243, 565 S.E.2d 290, 293 (2002) (emphasis added).

Under this South Carolina case law, it is Arpaio's choice — not Plaintiff's — whether to seek representation through a guardian *ad litem*. If Arpaio wishes to waive that possible right, it is his choice to make, not Plaintiff's. Plaintiff can cite to no authority granting him the right to request the appointment of a guarding on Arpaio's behalf. In addition, even if Arpaio wishes to seek a guardian, the Court has discretion as to whether to grant his request. The mere fact that Arpaio is incarcerated does not automatically mean that he is incompetent.[1] Plaintiff has made no showing that Arpaio is, in fact, incompetent.

## CONCLUSION

For all of the foregoing reasons, this Court should decline to appoint a guardian *ad litem* for Defendant Arpaio.

    Respectfully Submitted,

    BARNWELL WHALEY PATTERSON & HELMS, LLC

    BY: s/ M. Dawes Cooke, Jr.
        M. DAWES COOKE, JR., ESQUIRE (Fed. Bar ID: #288)
        RANDELL C. STONEY, JR., ESQUIRE (Fed. Bar ID: #4333)
        JOHN W. FLETCHER, ESQUIRE (Fed. Bar ID: #9378)
        288 Meeting Street, Suite #200 (29401)
        Post Office Drawer H
        Charleston, South Carolina 29402-0197
        PHONE: (843) 577-7700
        FACSIMILE: (843) 577-7708
        ATTORNEYS FOR DEFENDANT THE CITADEL

June 6, 2014
Charleston, South Carolina

---

[1] This conclusion is supported by reference to the South Carolina statute governing tolling of the statute of limitations, S.C. Code § 15-3-40. Although that statute once included imprisonment as a "disability" requiring tolling of the statute of limitations, the legislature determined in 2006 to remove imprisonment as a form of disability. *See* 1996 S.C. Acts No. 234 (amending S.C. Code § 15-3-40 to delete tolling for imprisoned persons).